No. 96.—THOMAS COLEMAN, Treasurer of Randolph County, plaintiff in error, *vs.* JOHN NEAL, defendant.

[1.] After the Inferior Court have set up their defence to a claim against the County, and judgment has been rendered against them, it is not competent for the County Treasurer to resist the payment of the order of the Court on him on the same grounds.

[2.] After an order granted by the Inferior Court on the County Treasurer, to pay a creditor of the County so much money, it is not in the power of the Treasurer to defend himself for causes existing prior to the granting of the order.

[3.] The County Treasurer may defend, under the Inferior Court, and in privity with them, but not against them.

Application for a mandamus. Decided by Judge WARREN, Randolph Superior Court, April Term, 1850.

Coleman *vs.* Neal.

W. B. Robinson & Co. having contracted to build a court-house in Randolph County, received from the Clerk of the Inferior Court promissory notes, payable to them or order, and signed by the Clerk, officially. These notes, shortly thereafter, were transferred, before due, to John Neal, who petitioned the Inferior Court to issue orders upon the County Treasurer, for the amount of the notes, in their stead; the Court refusing, Neal applied for and obtained from the Judge of the Superior Court, a *mandamus nisi,* requiring the Inferior Court to show cause why the orders were not issued. The Inferior Court, for cause, showed, among other things, that the consideration of the notes had entirely failed—the house built having " tumbled down," and become utterly useless. The mandamus absolute was granted, and the orders issued accordingly.

On the 9th October, 1849, John Neal applied for a *mandamus nisi,* to be directed to Thomas Coleman, County Treasurer of Randolph County, requiring him to show cause why he should not pay over the amount due on the orders. To this, Coleman returned, that the consideration for which the orders were given had entirely failed—the court-house having fallen down, and become entirely useless.

Upon hearing the return, and inspecting the record of the former mandamus, the Court held the return to be insufficient, and that the matters in controversy had been previously adjudicated, or might have been adjudicated in the former case, and, therefore, granted a mandamus absolute.

To this decision, Coleman, as County Treasurer, excepted, and error has been assigned thereon.

Taylor, for plaintiff in error.

H. L. Benning and H. Holt, for defendant in error.

*By the Court*—Lumpkin J. delivering the opinion,

[1.] The objection set up by Coleman, the County Treasurer of Randolph, to the payment of the orders held by Neal, is, that the consideration for which they were given, to wit: the building of a court-house for said county, has entirely failed—the court-house having fallen down, and become altogether useless.

By reference to the return made by the Inferior Court to the *mandamus nisi*, obtained against them by Neal, to show cause why these orders should not be issued by them, in compliance with their contract, it will be found that they resisted the fulfilment of their agreement, upon identically the same ground. Having submitted the issue of fact, thus presented to the Court, instead of to a Jury, as it was the right and privilege of the respondents to have done, and the Judge having made the mandamus absolute, and directed these orders to be issued, notwithstanding the defence which was set up, justice requires—the public tranquility demands—that this litigation, having been fairly and finally determined between these parties, should not be renewed, but closed forever.

[2.] Were the Inferior Court, instead of the County Treasurer, the party in this case, we should be forced to decide from this record, that they were bound and estopped by this previous proceeding.

[3.] Their Treasurer, who can only defend under them, or in privity with them, but not against them, as we held he might do, in *Johnson vs. The State of Georgia*, (1 *Kelly*, 274,) is equally concluded by the judgment upon the first mandamus; indeed, it is made his imperative duty, by the Act of 1825, (*Prince*, 185,) to pay, without delay, all orders passed by the Inferior Court, and directed to him, provided he has funds so to do.

Judgment affirmed.