HOLTZCLAW *et al. v.* RILEY, judge, and *vice versa.*

1. A writ of mandamus will not be issued against a public officer to compel the performance by him of acts which do not come within his official duties.
2. Where a board of county commissioners is invested with the full management and control of certain matters with which the county judge, as such, has nothing to do, but to a part of which he is attending as the agent of the board of commissioners, mandamus will not lie against such county judge to compel him to perform certain acts in connection with such matters, when these acts, if required at all by law, are required of the board of commissioners.

Argued June 19, — Decided July 20, 1901.

Mandamus. Before Judge Felton. Houston superior court. May 17, 1901.

*R. N. Holtzclaw,* for plaintiffs.　　*C. E. Brunson,* for defendant.

SIMMONS, C. J. The sheriff of Houston county and the solicitor of the county court filed a petition for mandamus against the county judge, to compel him to pay to petitioners named amounts as fees out of moneys in his hands received as compensation for the labor of convicts hired out by him for Houston county to the county of Dooly. There was no dispute as to the facts, and the judge rendered judgment in favor of the petitioners for an amount less than that claimed. To this judgment all parties excepted,— the petitioners to the failure to grant all of the relief prayed, and the respondent to the judgment against him which was rendered. Counsel argued before this court several interesting questions as to the amount and payment of the fees of the sheriff and the solicitor of the county court in criminal cases; but, under the view we take of the case, this court can not now determine them.

The money in the hands of the respondent was compensation for the labor of misdemeanor convicts. Under the law the board of county commissioners is invested with full authority to lease and hire out these convicts and to receive and dispose of the fund arising as compensation for the services of the convicts. Penal Code, § 1097. With these matters the county judge, as such, has abso-

lutely nothing to do. It appears that the board of commissioners did turn over to him the convicts of the chain-gang and did authorize and empower him to hire them out; that he accordingly made a contract for such convicts with the county of Dooly; and that he received on said contract a certain amount of money. If the county commissioners had the right to thus delegate their authority with reference to hiring out convicts (as to which we express no opinion), we are clear that the county judge held this money as the agent of the board of commissioners and not in his capacity as county judge. As county judge he had nothing to do with the matter, and, in hiring out the convicts, he as such agent performed a duty imposed by law upon the board of commissioners. As county judge he did not receive or hold the money, and as county judge or as an officer he was under no duty to turn any part of it over to the petitioners. Accordingly it was error to grant a mandamus against him for any amount, to compel him to pay out any money which he held as agent of the board of commissioners. Mandamus will not lie against a public officer to compel him to perform acts which do not come within the sphere of his official duties. The question just dealt with was made by the cross-bill of exceptions. As its decision is controlling in the case, the main bill will be dismissed.

*Judgment on cross-bill of exceptions reversed; main bill of exceptions dismissed. All the Justices concurring.*