## NEAL LOAN & BANKING CO. *v.* CHASTAIN, treasurer.

1. The petition was good as against a general demurrer.
2. Where suit is brought against a county on warrants drawn by the ordinary, and the county demurs on the ground that the plaintiff's remedy, if any, is by mandamus against the county treasurer, and the suit is dismissed on this ground, the treasurer will not be heard, when subsequently made the defendant in a petition for mandamus to require him to pay the warrants, to urge that the plaintiff has a complete remedy at law other than by mandamus.
3. Failure to register a warrant drawn by the ordinary of a county may subordinate the payment of the warrant to that of others duly registered, but it does not render the warrant void.
4. An order drawn by the ordinary of a county on the treasurer for the payment of a debt due by the county is evidence of an adjudication by the ordinary that the amount stated in the order is due; and the treasurer can not go behind this judgment, except for fraud or mistake as to the amount of the indebtedness.
5. The orders which it was sought to require the treasurer in the present case to pay designated with sufficient particularity the fund upon which they were drawn.
6. The law will presume that in the drawing of a county warrant all the officers concerned therewith have performed their duty; and a petition for mandamus seeking to require the payment of the warrant by the treasurer need not so allege. The contention that such is not the case is matter for answer, and not demurrer.

Argued November 15,—Decided December 21, 1904.

Application for mandamus. Before Judge Gober. Fannin superior court. September 10, 1904.

*Westmoreland Brothers,* for plaintiff.

*T. A. Brown, O. R. DuPree,* and *J. Z. Foster,* for defendant.

CANDLER, J.   This was a petition for mandamus, filed in the superior court of Fannin county by the Neal Loan & Banking Company against Chastain as treasurer of that county, seeking to compel him to pay certain warrants drawn on him by the ordinary of the county in -favor of Golucke and transferred to the bank. A mandamus nisi was issued on the petition, but on the hearing the application for a mandamus absolute was refused, and the plaintiff excepted.   The petition alleged that on July 7, 1900, Wilson, the then ordinary of Fannin county, made and delivered to Golucke a certain order on the treasurer of the county, "whereby he adjudged that there was due said Golucke, and whereby he directed said treasurer to pay said Golucke, the sum of two hundred and fifty dollars, in part payment for the plans and specifications of the new court-house of said Fannin county, said amount to be paid out of the taxes of said county specially levied for that purpose, and to be collected during the year 1900, said order bearing interest from date at seven per cent. per annum;" that on August 22, 1900, the ordinary made and delivered to Golucke & Co. another order, "whereby he adjudged that the County of Fannin was indebted to said J. W. Golucke & Co., and whereby he directed the treasurer of said county to pay to said J. W. Golucke & Co., or order, the sum of four hundred and fifty-eight 40/100 dollars, in full·for balance due for plans and specifications for the county court-house of Fannin county, and directed that the same be paid out of the county funds to be raised by taxes for the year 1900; and said judgment and order provided that the same should bear interest at the rate of eight per cent.. from the date thereof until paid."   It was alleged that subsequently to the dates on which these orders were issued, and before they became due, they were transferred for value to the plaintiff bank by the payees; that in the latter part of the year 1900, and after the special tax referred to had been collected, petitioner presented the orders to the treasurer of Fannin county for payment, which was refused, and that the treasurer still refuses to pay the orders, although he has in his hands as treasurer, or should have, funds applicable to their payment.   It was further alleged that the amounts represented by the two orders constitute a part of the indebtedness of the county, incurred in the erection of a new court-house building at Blue Ridge, in Fannin county, for the payment of the cost of

which a special tax was levied by the ordinary as provided by law; that the tax was collected and paid into the county treasury in an amount more than sufficient to pay the judgments, and that the refusal of the treasurer to pay them is contrary to law. The petition set up that the plaintiff had no adequate remedy at law except by mandamus, and alleged that on April 18, 1903, it filed suit in the city court of Atlanta against J. W. Golucke and the County of Fannin, asking for a judgment on the two orders, and that the suit was dismissed on a special demurrer filed by the defendant county on the ground that the plaintiff's remedy was by petition for mandamus against the treasurer of that county, rather than by suit on the orders. The petition was duly verified, and copies of the orders were attached as exhibits. The treasurer filed no answer, but demurred on the following grounds: (1) The petition sets forth no cause of action. (2) The plaintiff has a complete and adequate remedy at law. (3) The petition does not show that either of the orders which constitute the cause of action has been registered as required by law or recorded on the minutes of Fannin county or other records of that county. (4) It does not show that either of the orders is based upon any contract entered into by the ordinary of Fannin county or any other person in behalf of the county. (5) It does not show that either of the orders is based upon any contract in writing entered on the minutes or other records of the county. (6) Neither one of the orders designates upon what particular fund it is drawn and out of which payment is to be made. (7) The petition does not show that the issuing of either of the orders was authorized by law. (8) It does not show that any consideration moved from the payee to the county for the issuing of either of the orders. (9) It does not allege any amount in the hands of the defendant applicable to the payment of either of the orders. (10) It does not show that the defendant has now, or has ever had, in his charge, any funds applicable to the orders or any part of either of them, over and above all other claims having priority as to payment to said orders. (11) It does not allege any amount of money in the hands of the defendant for any purpose. (12) It does not show that any amount of money was collected in Fannin county in the year 1900, or any other year, as taxes. (13) It does not show what per cent. of taxes was levied by the ordinary for the pay-

ment of the orders, or either of them, nor does it show that the ordinary issued any order, and entered it upon his minutes, which specified the per cent. of taxes levied for such purpose, for the year 1900 or any other year, nor does it show that a copy of the orders was ever advertised by the ordinary for thirty days, or any length of time, in the manner prescribed by law, within the limits of the county, nor does it show that a copy of such an order was furnished the tax-collector. (14) It does not show any contract of the ordinary, entered or recorded on his minutes, authorizing the issuing of either of the orders. After hearing argument on the petition and demurrer, the court passed an order the legal effect of which was to sustain the demurrer and dismiss the petition ; and it is to this order that the plaintiff now excepts.

1, 2. The first and second grounds of the demurrer are general in their nature, and a careful reading of the petition satisfies us that they are entirely without merit. In treating them we will also dispose of most of the grounds which are special in form. As to the first ground, an examination of the petition shows that there is certainly enough alleged to authorize the judge, in the absence of an answer, to enter a judgment requiring the treasurer to pay the orders. It was alleged that these orders were issued in payment for services rendered the county in the preparation of plans and specifications for a new court-house; that they were issued by the proper authorities of the county; that demand for payment had been made and payment refused; and that mandamus was the only remedy available to the plaintiff. To meet the second general ground the plaintiff set up the demurrer to its suit in Fulton county filed by the County of Fannin, by means of which the county had procured the dismissal of the suit on the ground that the plaintiff's remedy was by mandamus against the treasurer. It is well settled that one can not, in one court, set up matter from which he receives a benefit by an adjudication in his favor, and in a subsequent action repudiate his position taken in the first. In other words, courts of justice will not allow a party to blow hot and cold. He can not say, when sued in one court, that the plaintiff's only remedy is by mandamus against the treasurer, and, after obtaining an adjudication in his favor, claim, when mandamus is brought against the treasurer, that that remedy will not lie. It does not make any differ-

ence that the suit in the city court of Atlanta was against the county, while the defendant in the present action is the treasurer; for in a very real sense, and to all intents and purposes, the defendant in each action is the same.

3. It was not necessary for the petition to allege that either of the orders had been registered, nor that they had been recorded on the minutes of the ordinary of Fannin county or any other public record. These were duties which the law required the ordinary to perform; and it will be presumed, until the contrary is shown, that he performed them. Registry with the treasurer is a requirement of law which, if not complied with, may cause payment to be deferred to that of other orders duly registered; but the failure to register the orders would certainly not render them void; nor would it be any excuse for their non-payment, if at the time of their presentation, or at any other time prior to the bringing of the suit, there were any funds in the hands of the treasurer arising from the taxes collected for the purpose of paying for the erection of the court-house. If no such funds were in his hands at that time, the fact should be set up by answer. It is not matter for demurrer.

4. It was likewise unnecessary for the petition to allege that the orders were based upon any contract entered into between the county authorities and the architect to whom they were made payable, first, because in the absence of evidence to that effect the law will not presume that the ordinary violated his duty by issuing an order for payment for services without having contracted for those services; and second, because the treasurer can not go behind the judgment of the ordinary directing the payment of the sums set out in the orders, nor set up any want of authority in the ordinary to issue them, unless he can show that they were fraudulent or that the ordinary made a mistake as to the amount adjudged to be due. *Shannon* v. *Reynolds*, 78 *Ga.* 761. We think it clearly appears upon the face of the orders that the ordinary acted within his jurisdiction. The orders are evidence of his judgment, and are as conclusive as any other judgment of that court upon matters devolving upon the ordinary of the county. In the case of *Coleman* v. *Neal*, 8 *Ga.* 560 (2), it was held that "After an order granted by the inferior court on the county treasurer, to pay a creditor of the county

so much money, it is not in the power of the treasurer to defend himself for causes existing prior to the granting of the order." See also *Beall* v. *State*, 9 *Ga.* 367.

5. The sixth ground of the demurrer raises a question about which we are not so clear. There is no doubt that the second order designates with sufficient certainty the particular fund upon which it is drawn and out of which payment is directed to be made. The first is not so definite, but we are inclined to hold that it also points out the fund upon which it is drawn. Taking the order and the allegations of the petition together, we are satisfied that there is enough in the two to require an answer to the petition. The petition alleges that the order was drawn on a special fund raised by taxes levied in 1900 for payment for the court-house of Fannin county. The two orders show that they were drawn to pay for the plans and specifications prepared by the architect for the court-house. There was but one fund out of which the orders could be paid; and while the first one was not technically accurate, still we are not prepared to hold that it was void for failing to definitely point out the fund on which it was drawn. If the treasurer did not have in his hands, at the time of the presentation of these orders, sufficient money to pay them, or if sufficient money had not come into his hands to the credit of the court-house fund at the time of bringing suit, an answer to that effect would have protected him; but this was matter for answer, and not for demurrer.

6. What has been already said applies also to the seventh and eighth grounds of the demurrer. The ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth grounds are equally without merit. It was not necessary that the petition show the particular amount collected for the payment of charges against the county, growing out of the erection of a new court-house. It did allege the levy and collection of a special tax for this purpose, and that the treasurer had, or should have had, in his hands from the collection of that tax an amount sufficient to pay it. A reading of the petition will show that as a matter of fact the tenth paragraph of the demurrer is not true. It was not necessary to allege the specific amount collected. The law will presume that the ordinary levied the tax for the payment of this indebtedness; that he levied such a per cent. as would raise a sufficient amount

to discharge the claim; that the tax-collector performed his duty and collected the tax, and that the money was paid into his hands.   He had no legal right to pay the money out for any other indebtedness than that growing out of the erection of the court-house, and the law will presume that these several officers performed their duties, unless the contrary is shown.   The law also required the ordinary to advertise the levy, and the same presumption as to the performance of this duty will obtain.

We have thus dealt in detail with the numerous grounds of the demurrer, for the reason that the order dismissing the petition and refusing to make the mandamus absolute does not show upon what ground it was based, and it has thus been necessary to treat of every ground that the judge had before him.   A great part of the demurrer was composed of matter which could only be properly set up in an answer.   As we have shown, so much of it as was properly matter for demurrer was not legally sufficient, and should not have been sustained.

*Judgment reversed.   All the Justices concur.*