MEYER & COMPANY *v.* JORDAN, mayor, *et al.*

Mandamus will not be granted to compel municipal authorities to levy and collect a tax to pay a judgment alleged to be held by the applicants against the municipality, where it appears that the judgment relied on is not a valid judgment against it.

Submitted June 20, — Decided August 3, 1905.

Petition for mandamus. Before Judge Reagan. Pike superior court. February 4, 1905.

E. J. Meyer & Company applied for a writ of mandamus against the mayor and council of the Town of Molena, to compel them to levy and collect a tax sufficient to pay a judgment which the plaintiffs alleged they had obtained against the town. The mandamus was denied, and they excepted. On the hearing of the application the record of the suit and judgment on which the plaintiffs relied was introduced in evidence. The petition alleged that Molena was a municipal corporation chartered under the general laws of the State in regard to chartering towns, contained in the Political Code, §§ 774–797; that G. W. Bolton was the mayor, W. T. Cockrell the recorder, and A. B. Harris, J. A. Carmichael Jr., J. A. Melton, G. M. McDowell, and J. H. Lawrence were the councilmen; that the town was due the plaintiffs the sum of $598.50, besides interest, for whiskies, gin, etc., purchased from the plaintiffs by the mayor and council; that the mayor, recorder, and councilmen of the town purchased all of the articles for the town; and that at the time of the purchase the town was engaged in conducting a dispensary and in buying and selling whisky, gin, and wine for profit. The petition closed as follows: "That the said mayor, recorder, and council of Molena refuses to pay petitioners; wherefore process is prayed against the Town of Molena, requiring the defendant to be and appear," etc. The process which was issued stated the case as that of "E. J. Meyer & Co. *vs.* G. W. Bolton, mayor, et al., of the Town of Molena," and stated that "the defendants, G. W. Bolton, A. B. Harris, J. A. Carmichael Jr., J. A. Melton, G. M. McDowell, J. H. Lawrence, and W. T. Cockrell, recorder, are required, personally or by attorney, to be and appear," etc. On the petition was endorsed an acknowledgment of service, which was signed by "G. W. Bolton, mayor of Molena, W. T. Cockrell, recorder of Molena," and the other persons named in the process as "council of Molena." The verdict was for the plaintiffs for the amount sued for. The judgment entered was that the plaintiffs recover of "the defendant, G. W. Bolton, mayor of Molena, W. T. Cockrell, recorder," and the other persons named as "councilmen of the Town of Molena." In the record appears a paper which is headed with the word "amendment." It states the case thus: "E. J. Meyer & Co. *vs.* The Town of Molena. Suit in Pike superior court, Oct. term, 1904." It

alleges that "at the time the defendants entered their acknowl-
edgment of service in the above-stated case, it was by them
intended to waive everything that was necessary to give the
court jurisdiction, and by inadvertence on the part of . . the
attorney of record who wrote the acknowledgment of service
in said case he wrote the words 'copy process,' instead of the
word 'process.'" The petitioners therefore moved the court to
allow them to amend the entry of acknowledgment of service
accordingly. At the bottom of this paper is written the follow-
ing entry: "The foregoing amendment is allowed, this February
2nd, 1905," signed by the judge of the superior court. There
is also in the record another paper above which is written the
word "amendment." This states the case in which it is made
as "E. J. Meyer & Co. vs. The Town of Molena. Application
for mandamus, in Pike superior court, Oct. term, 1904." It
contains the following: "The plaintiffs in the above-stated case
show unto the court the following facts: . . Counsel who
represented petitioners in said inadvertence omitted to set out
in the judgment therein obtained in their favor against the de-
fendant, the Town of Molena, that said town was a municipal
corporation, chartered under the laws of Georgia, in the name of
the Town of Molena, although this fact was averred in the peti-
tion upon which said judgment was obtained. . . Petitioners
move the court to grant an order allowing the movants to amend
said judgment by adding therein, and next following the word
'Molena' last mentioned in said judgment, the words, 'a munici-
pal corporation chartered under the laws of Georgia, in the name
of the Town of Molena,' so as to make said judgment conform
in all respects to the petition and verdict upon which said judg-
ment was entered up; petitioner moves the court to allow the
execution issued upon said judgment to be amended by adding
the same words, so the said judgment and execution when so
amended will in all respects conform to the petition and verdict
upon which they issued." At the bottom of this paper are
written the words: "Read and considered; the amendment
allowed, this February the 2nd, 1905," signed by the presid-
ing judge.

*G. D. Dominick* and *E. C. Armistead,* for plaintiffs.
*E. F. Dupree* and *R. L. Berner,* for defendants.

LUMPKIN, J. (After stating the foregoing facts.) In the bill. of exceptions the two amendments dated February 2, 1905, are referred to as if they were independent motions to amend the. acknowledgment of service and the judgment. In the record, .however, they appear to have been tendered as amendments to· the petition for mandamus. In one instance, after stating the name of the case, the proposed amendment is headed: " Suit in Pike superior court, Oct. term, 1904." In the other it is stated as " application for mandamus, in Pike superior court, Oct. term,. 1904." Neither of these descriptions is applicable to the suit in which the judgment was obtained, which was instituted in September, 1901. The mere entry of the words " amendment allowed " at the foot of each of these papers, properly construed, means that they were respectively allowed as amendments to the application for mandamus. Such an entry does not operate to· alter the judgment and change it into a shape entirely different· from that in which it was rendered. But if these entries should be construed as orders seeking to amend the acknowledgment of service and the judgment respectively, they would still not have: the effect of making a valid judgment against the municipal corporation. No process was ever issued against the Town of Molena, but only against certain individuals described respectively as " mayor," " recorder," and " councilmen " of that place. The· acknowledgment of service was similarly signed. The only change sought to be made was by striking the word " copy " before the word " process," so as to make a waiver of process. It still remained an acknowledgment of service and waiver of process by the individuals, and not by the municipality. No plea. by the town appears to have been filed. The Town of Molena,. therefore, has never been brought into court, either by process· directed to it, or by service or acknowledgment of service on its behalf. This being true, there was no lawful verdict against it, and no judgment could be entered against it, nor could any amendment of the judgment which was actually rendered have. that effect. The plaintiffs' application for mandamus, therefore, had no valid judgment as a basis on which to rest; and, without· regard to the other questions raised, the refusal to make the mandamus absolute was right.

*Judgment affirmed.  All the Justices concur, except Simmons,.. C. J., absent.*