## HOGANSVILLE BANKING COMPANY *v.* CITY OF HOGANSVILLE.

1. The sinking fund having been deposited in the name of the city and being its money, the right of action by mandamus was in the city, and not in its treasurer, to compel the defendant to turn this fund over to the city. Civil Code (1910), § 5516.
2. The petition was not demurrable on the ground that mandamus was sought as a private remedy to enforce private rights.
3. The petition set out a state of facts which would authorize the grant of a mandamus against the defendant.
4. The plaintiff, under the facts alleged in the petition, did not have a specific and adequate legal remedy, the right to sue at law for the recovery of this fund not being as full, adequate, and complete as the remedy by mandamus.
5. The defendant being a banking corporation, and having been selected as the depository of the funds of the city, to hold the same subject to its orders and to turn the same over to the city on demand, it became charged with a public duty which can be enforced by mandamus.
6. The sinking-fund of a municipality can be invested only in its own bonds, or in the validated bonds of some other municipality in the State of equal or larger size, or in validated county bonds of this State, or valid outstanding bonds of this State or of the United States (1 Park's Ann. Code, § 467(a), Acts 1910, p. 100); and if such fund is loaned to a bank on a time certificate, by the municipal officers, such contract of loan is illegal and void, and will not preclude the municipality from taking steps, before the maturity of such certificate, to compel the bank to turn over the same to the city, such bank being the designated depository of the funds of the city, and having knowledge that the fund so loaned it is the sinking-fund of the city.
7. The petition alleging that the city did not accept the time certificate of deposit given by the defendant to the city for this fund, it is not

necessary for the city to allege in its petition for mandamus, as a condition precedent to the grant thereof, that it had tendered back this certificate to the bank.

8. The court did not err in overruling the demurrer to the petition.

No. 3785. NOVEMBER 27, 1923.

Mandamus. Before Judge Roop. Troup superior court. May 7, 1923.

The City of Hogansville filed its petition for mandamus against the Hogansville Banking Co., a banking corporation of said city; and made the following case: The present mayor and council of said city were elected on the first Wednesday in January, 1923, and their term of office began on the first Monday in February, 1923. J. F. Askew was the former mayor, and W. P. Arnold was a member and the clerk of the former council. Askew was and is the president of the Hogansville Banking Co. The charter of the city provides for the election by the mayor and council of a clerk and treasurer, who are required to give bond; and provides that the money of said city shall be paid out upon voucher signed by the mayor and clerk. The former mayor and council did not elect a city treasurer, but designated and appointed the Hogansville Banking Co. as the depository of the money of said city, to hold the same subject to its orders; and said banking company was in duty bound to turn over the same upon demand of the city. Said banking company accepted said appointment and agreed to act as the de facto treasurer of the city, and held said funds subject to its order, and recognized its duty to turn over its funds upon demand of its proper officer. The City of Hogansville has an outstanding bonded indebtedness, and the act authorizing the same provides for the setting aside annually of a sinking-fund to meet said bonds. On the first Monday in February, 1923, said sinking-fund amounted to $7500.. Prior to and on the first Monday in February, 1923, said fund was on deposit in the name of said city in said Hogansville Banking Co., as the depository and de facto treasurer of said city, and was being held subject to the order of the city. On Jan. 24, 1923, after the present mayor and council had defeated the former mayor and council, J. F. Askew, former mayor, who was likewise president of said banking company, issued a voucher, signed by himself as mayor and W. P. Arnold as clerk, and payable to the Hogansville Banking Co., for said $7500. Said voucher was drawn on said Hogansville Banking Co., and was for a

twelve-months time certificate of deposit which was issued by said banking company. A copy of said voucher is attached as an exhibit to the petition. Askew, as president of said banking company, and the officers and directors thereof knew that said $7500 constituted the sinking-fund of said city, and the effort of Askew as mayor to deposit the same with the banking company was in effect a loan to that company of said sinking-fund for twelve months, which was illegal and void. All of this was known to said company, and was a breach of its duty as depository and de facto treasurer of said city. The city, acting through its present mayor and council, refused to ratify said illegal loan of said sinking-fund and to accept said time certificate of deposit, and made formal demand upon the banking company that it turn over to it said sinking-fund that the same might be invested as the law directs. It was and is the duty of the banking company to turn over said fund to petitioner, and its refusal to do so is a breach of its duty as de facto treasurer of said city. The conduct of the banking company in refusing to turn over said sinking-fund places the same in grave peril, and renders it impossible for petitioner to invest the same as required by law. Petitioner is without any other specific legal remedy adequate under the circumstances. It prays that the banking company be required by mandamus to turn over said sinking-fund to said city.

By an amendment the city alleged that it was offered and could buy $2500 of its outstanding bonds, maturing in 1939 and 1940, at 1.0339 and 1.0349. Petitioner was desirous of purchasing said bonds, and would have saved the interest due thereon from this date to their maturity, but was unable to perfect said offer because of the conduct of said defendant. Petitioner has no reason to believe said offer will continue, and has suffered and will suffer loss to the extent of the interest which must be paid on said outstanding bonds to maturity. By another amendment petitioner alleged that the facts set up in its petition were known to the defendant corporation through the knowledge of Askew. The defendant was not required to give bond, and did not give bond for the safe-keeping of said money, and is not now under bond. The demand for the return of said funds was made by the mayor and the chairman of the finance committee of the city council, who in person demanded of Askew and W. E. Johnson, as president and cashier

respectively of the bank, said sinking-fund to invest the same as required by law. Further, a warrant was drawn on said bank in favor of said city for said sinking-fund, signed by the mayor and the clerk of the city respectively, which warrant was presented to the bank for payment, which was refused. A copy of said warrant is attached as an exhibit to said petition.

The defendant demurred to the petition, on the grounds: (1) that there was not such a set of facts set out therein as would authorize mandamus against defendant; (2) that the statements of the petition show that if the plaintiff has any rights, which defendant denies, it has sufficient legal remedy, the right to sue on said contract or the right to sue for the money so invested; (3) the petition shows on its face that the Hogansville Banking Co. is not an officer of plaintiff, but a depository in which certain funds of plaintiff were deposited, and its refusal to pay would give plaintiff a right of action against it, provided it should be made to appear that the deposit is subject to check and plaintiff had the right to check thereon; (4) the petition shows that the mayor and council of Hogansville deposited with defendant $7500 and received from it a time certificate therefor, and it is nowhere alleged that said time certificate has matured; (5) said petition does not allege any facts which would authorize the court to hold, as a matter of law, that the fund referred to is in peril, there being no allegation of insolvency of the bank or any fact alleged showing the fund to be in peril; (6) the facts alleged do not constitute the defendant an officer of the city, and any attempt to create an officer not authorized by the charter thereof would be ultra vires and void, and such an attempt would not authorize mandamus against such alleged officer; (7) the former mayor and council as individuals would be proper parties to this proceeding, and not this defendant; (8) the plaintiff has a legitimate, legal, binding time certificate against defendant, and no tender of the same is alleged as a condition precedent to the demand for this money.

The court overruled the demurrer, and error was assigned.

*S. Holderness,* for plaintiff in error.

*Hall & Jones,* contra.

HINES, J. (After stating the foregoing facts.)

1. The rulings made in the first, sixth, and seventh headnotes need no further elaboration.

2. We will deal with the rulings made in the other headnotes together. The duties which mandamus will enforce must be such as result from an office, trust, or station. 26 Cyc. 163. It will not lie against a public officer to compel the performance by him of acts which do not come within his official duties. *Holtzclaw* v. *Riley,* 113 *Ga.* 1023 (39 S. E. 425). So it becomes necessary to determine, in the first place, whether the defendant occupies such official or quasi-official position, trust, or station towards the plaintiff as will justify the grant of a mandamus to compel it to discharge a duty owed by it to the plaintiff. Section 9 of the charter of the City of Hogansville (Acts 1901, p. 436) provides that the council of that city, immediately after their qualification, shall elect a clerk and treasurer, either from their own body or from the citizens of the town, which offices may be separate or combined in the discretion of the council. The former city council did not elect a city treasurer, as it was their mandatory duty to do under this provision of the city charter, but designated and appointed the Hogansville Banking Co., as the depository of the money of said city, to hold the same subject to its orders. Said banking company accepted said appointment and agreed to act as the de-facto treasurer of the city; and held its funds subject to its orders. So this bank became, if not the de jure treasurer of the city, its de facto treasurer; and as such could be compelled to discharge its public duties by the writ of mandamus. *Bank of Chatsworth* v. *Hagedorn Construction Co.,* 156 *Ga.* 348 (119 S. E. 28).

We will next determine whether the plaintiff has a specific and adequate legal remedy which will bar it from resorting to the writ of mandamus. It is earnestly insisted by counsel for the defendant, that the city has a specific legal remedy by an action at law against the bank for the recovery of this sinking-fund. To sustain an application for mandamus, it is not only necessary that the applicant should have a clear legal right to the thing demanded, but he must be without any other specific adequate remedy. *Mayor &c. of Savannah* v. *State,* 4 *Ga.* 26; *Young* v. *Harrison,* 6 *Ga.* 130; *Barksdale* v. *Cobb,* 16 *Ga.* 13; *Adkins* v. *Bennett,* 138 *Ga.* 118 (74 S. E. 839); *Bearden* v. *Daves,* 139 *Ga.* 635 (77 S. E. 871). It is true that an action at law will lie in favor of the city against the defendant for the recovery of this fund; but is this remedy such an adequate and specific one as will prevent the city from resorting

to the writ of mandamus? The remedy, to be a bar to the issuing of the writ, must not only be adequate but specific. American Railway Frog Co. *v.* Haven, 101 Mass. 398 (3 Am. R. 377). It must be equally convenient, beneficial, and effective. 26 Cyc. 168; Fremont *v.* Crippen, 10 Cal. 212 (70 Am. D. 711). If such other remedy is incomplete or inconvenient, the court exercises a sound discretion in granting or refusing the writ. 18 R. C. L. 132, § 45; King William Justices *v.* Munday, 2 Leigh (Va.), 165 (21 Am. D. 604). The rule that mandamus will not be granted where there is specific legal remedy is restricted to cases where the legal remedy is equally convenient, complete, and beneficial. State v. North-Eastern R. Co., 9 Rich. L. (S. C.) 247 (67 Am. D. 551). "Another remedy tedious and not so well adapted to the nature of the case as that by mandamus will not operate to prevent resort to the latter remedy." 18 R. C. L. 132; 3 Bl. Com. 110; Dew *v.* Judges of the Sweet Springs, 3 H. & M. (Va.) 1 (3 Am. D. 639, 642). It is well settled that mandamus will be granted to compel a town clerk, or a clerk of a public corporation, whose office has expired, to deliver over to his successor the common seal, books, papers, and records of the corporation. Rex *v.* Wildman, 2 Stra. 879; St. Luke's Church *v.* Slack, 7 Cush. (Mass.) 226; American Railway Frog Co. *v.* Haven, supra. If mandamus will lie to compel a clerk of a municipality, whose term has expired, to deliver books, papers, the common seal, and the records to his successor, why will it not lie to compel him to turn over to his successor or the municipality any funds of the municipality? It is more important to the corporation to have its funds than its books, papers, common seal, and records. The municipality might get along without the latter, but it can not travel far without its funds. If mandamus will lie against the clerk of a municipal corporation to compel him to do these things, why will it not lie against a bank, which has been appointed the depository of a city, to receive, hold, and pay out its moneys on its orders, and to act instead of the treasurer of such city, and is at least a quasi-treasurer, when the term of such depository has come to an end? We see no valid reason why this writ will not lie against such depository under such circumstances. Mandamus was granted to compel the treasurer of the board of education of a city to deposit the school funds in a bank with which the board had made an arrange-

ment for the payment by the bank of interest on such funds when deposited. Board of Education v. Runnels, 57 Mich. 46 (23 N. W. 481). In such a case, the board of education of the city could have recovered from its treasurer in an action at law these funds, and then deposited them in the bank; but such remedy was not as complete, convenient, and beneficial as mandamus.

Where a county treasurer has funds in his hands which it is his duty to apply to the payment of county debts, mandamus lies to compel him to pay orders drawn on him by the proper officials for the amount of such debts. *Coleman* v. *Neal*, 8 *Ga.* 560; *Shannon* v. *Reynolds*, 78 *Ga.* 760 (3 S. E. 653); *Gamble* v. *Clark*, 92 *Ga.* 695 (19 S. E. 54); *Neal Loan & Banking Co.* v. *Chastain*, 121 *Ga.* 500 (49 S. E. 618); *Smith* v. *Fuller*, 135 *Ga.* 271 (3) (69 S. E. 177, Ann. Cas. 1912A, 70). Why? The holder of a county warrant for a debt of the county could sue the county and recover; but such remedy would not be as convenient, speedy, and beneficial as the writ of mandamus. Besides, mandamus is the proper remedy to enforce the performance of official duties. If a county treasurer can be compelled to pay a lawful warrant drawn upon him by the proper county officials, we see no reason why the depository of a city, designated and appointed by its council to receive and hold its funds subject to its orders, can not be compelled to pay the warrant or order of the city drawn on such depository for its sinking fund.

By accepting the appointment of depository for the City of Hogansville, and by acting as its de facto treasurer, the bank undertook to discharge a public duty; and mandamus is the appropriate remedy to enforce this public duty by this banking corporation. State v. North-Eastern R. Co., supra. Mandamus will lie at the instance of a private party to enforce the performance by a corporation of a public duty as to matters in which he has a special interest. Civil Code (1910), § 5442. Then, when a banking corporation assumes a public trust or station in behalf of a city and to discharge a public and quasi-official duty in its behalf, it can be compelled to discharge such duty by mandamus. It follows that this bank can be compelled by mandamus to turn over to the city its sinking-fund, which it wrongfully holds without security, so that the city can invest it in the bonds in which the law declares it shall be put.

*Judgment affirmed. All the Justices concur, except Atkinson and Gilbert, JJ., dissenting.*