MADDOX *et al. v.* ANCHOR DUCK MILLS *et al.*

No. 6522.    JANUARY 19, 1929.

*Joel B. Mallet,* for plaintiffs in error.

*C. L. Redman* and *W. E. Watkins,* contra.

HINES, J.    Anchor Duck Mills, Smith Manufacturing Company, and Austin Western Road Machinery Company filed their petition for mandamus against the board of commissioners of roads and revenues of Butts County, in which they made the following allegations:    Prior to January 1, 1927, the fiscal affairs of said county were handled by J. O. Gaston as sole commissioner of roads and

revenues of said county. Said commissioner liquidated the several demands of petitioners against said county, and issued to them the several warrants hereinafter particularly referred to. These warrants were accepted in liquidation of said claims. They were duly presented for payment to the proper officer of said county authorized by law to pay the same, and have not been paid, there being no money in the treasury with which to pay the same. They represent past-due indebtedness against said county. Unless the proper officials are willing to pay this past-due indebtedness out of current revenues for the current year, a special levy must be made to pay such indebtedness. Said warrants draw interest from their date at the rate of 7 per cent per annum. J. O. Gaston, as sole county commissioner, issued the following warrant:

"No. 607. Office of Commissioner of Roads and Revenues, Butts County. Jackson, Ga., Dec. 29, 1920.

"To the Treasurer of Butts County:

"Pay to Champion Supply Co., or order, six hundred fifty-seven & 50/100 dollars. On account pub.-road fund.

"Attest: J. T. Moore Clerk. J. O. Gaston, commissioner."

This warrant was indorsed by the Champion Supply Company and transferred for value to Anchor Duck Mills. On its back it has this notation: "Presented, and no funds to pay the within warrant. This 1/28/21. Jno. M. McMichael, Treas." The Anchor Duck Mills, the holder and innocent purchaser of said warrant for value, has recently presented it to the treasurer for payment, and he refused payment on the ground that he had no funds in hand with which to pay it. On August 7, 1925, said commissioner issued a warrant in identical form with the one above set out (except as to date, payee, and amount), payable to Smith Manufacturing Company or order, for $136. On the back of this warrant is this notation: "Presented, and no funds to pay the within warrant. This Oct. 1, 1925." Said warrant has been repeatedly presented to the treasurer for payment, and payment was refused on the same ground. On June 30, 1926, said commissioner issued a warrant identical in form as the one first above set out (except as to date, payee, and amount), payable to Austin Western Road Machinery Company or order, for $475. On the back is this notation: "Presented, and no funds to pay the within warrant. This Oct. 13, 1925. Jno. M. McMichael, Treas." This warrant has been pre-

sented by the payee to the treasurer of said county, and payment refused with the statement that the treasurer had no funds with which to pay the same. On February 12, 1926, said commissioner issued to Austin Western Road Machinery Company a warrant in the identical form as the one first above set out (except as to date, payee, and amount), for the sum of $3,595.20. On the back of this warrant is this notation: "Presented, and no funds to pay the within warrant. This 3/1/26, and 2/14/27." This warrant was presented to the treasurer and payment demanded by the attorney of the holder, and payment refused because there were no funds in the treasury with which to pay the same.

By the act of August 15, 1925, a board of commissioners of roads and revenues for said county was created, effective January 1, 1927; and under said act the above commissioners were duly elected and qualified. Said board is charged with the duty of levying taxes for the proper discharge of debts against said county. These commissioners refused to pay said warrants without the judgment of the court requiring them to so do. Petitioners prayed the issuing of a mandamus requiring said commissioners to levy an extra and additional tax to pay off the principal and interest of said warrants, or at least a tax sufficient to pay off 25 per cent. each year beginning with 1927.

The defendants demurred upon the grounds: (1) The allegations of the petition set forth no cause of action against them. (2) It shows on its face that petitioners have no cause of action against the defendants and are not entitled in law and equity to the relief prayed. (3) It shows on its face that a writ of mandamus can not legally be issued. (4) It shows on its face that no judgment against the defendants named therein legally can be rendered. (5) If any debts exist which are due plaintiffs by the county, they are all open and unliquidated accounts not agreed to be paid except out of the particular funds specified, which funds are exhausted, and said accounts are not so far settled and fixed as to make mandamus the remedy for levying another tax to pay them. (6) Said suit is not authorized by statute. (7) The petition sets out an unenforceable demand against the county, if any, and therefore defendants are not required or authorized to do the acts sought to be enforced by writ of mandamus. (8) Said petition is a mere nullity both in law and in equity. (9) It fails to set out any cause

of action in law whereon a writ of mandamus may be issued. The trial judge overruled the demurrer, and the defendants excepted.

Did the court err in overruling the demurrer? The proper answer to this question depends upon the proper answer to the further question whether or not mandamus will lie to compel the ordinary or county commissioners to levy a special tax for the payment of warrants drawn on the county treasurer when the particular funds on which they are drawn are not in existence or are exhausted. It is insisted that warrants on the county treasurer, which are drawn on funds which do not exist, or which have become exhausted by the payment of warrants drawn thereon, become functus officio and void, and that the debts for which they were issued are mere unliquidated claims the payment of which can not be enforced by mandamus. The general rule is that mandamus will not lie to compel payment of an unliquidated claim. It is essential that the claim should have been reduced to judgment, or that it should have been allowed by the officer or board vested with the power to allow or reject the same. 38 C. J. 761, § 395 (b), notes 20, 22, 23; Poling v. Board, 50 W. Va. 374 (40 S. E. 357) ; Thomas v. Mason, 39 W. Va. 526 (20 S. E. 580, 26 L. R. A. 727). This is the rule adopted in this State. In *Cox* v. *Board of Comm'rs, 65 Ga.* 741, this court ruled: "Mandamus would be a remedy to which the party might resort had his claim been recognized and allowed, and no action taken by this board to provide for its payment. But it is unliquidated, and its very existence denied. When the same is fixed by a judgment, which is the only mode left to the plaintiff after a refusal of the commissioners to allow it, then he may resort to this writ."

"Except where otherwise provided by law, the ordinaries" or county commissioners clothed with the management of the fiscal affairs of their counties "must audit all claims against their respective counties, and every claim, or such part as may be allowed, must be registered, and he or his clerk must give the claimant an order on the treasurer for the same, and in the order he shall specifically designate upon what particular fund such order is drawn, and out of which payment is to be made." Civil Code (1910), § 410. When a claim is presented to the ordinary to audit under this section, and he allows it and issues to the claimant a warrant on the county treasurer for its payment, the claim

becomes liquidated. It then becomes the duty of the county treasurer on whom the warrant is drawn to pay it. If the treasurer is in funds and refuses to pay the warrant, he can be compelled by mandamus to do so. *Coleman* v. *Neal*, 8 *Ga.* 560; *Shannon* v. *Reynolds*, 78 *Ga.* 760 (3 S. E. 653); *Gamble* v. *Clark*, 92 *Ga.* 695 (19 S. E. 54); *Neal Loan &c. Co.* v. *Chastain*, 121 *Ga.* 500 (49 S. E. 618); *Smith* v. *Fuller*, 135 *Ga.* 271 (69 S. E. 177, Ann. Cas. 1912A, 70); *Hogansville Banking Co.* v. *Hogansville*, 156 *Ga.* 855, 861 (120 S. E. 604). An order drawn by the ordinary of a county on the treasurer for the payment of a debt due by the county is evidence of an adjudication by the ordinary that the amount stated in the order is due; and the treasurer can not go behind this judgment except for fraud or mistake as to the amount of the indebtedness. *Neal Loan &c. Co.* v. *Chastain,* supra; *Franklin County* v. *Crow,* 128 *Ga.* 458, 462 (57 S. E. 784); *Hogansville Banking Co.* v. *Hogansville,* supra. In *Coleman* v. *Neal,* supra, it was held that "After an order granted by the inferior court on the county treasurer to pay a creditor of the county so much money, it is not in the power of the treasurer to defend himself for causes existing prior to the granting of the order." It thus seems to be fully established that when a claim against the county is presented to the ordinary for audit, and he audits and allows the claim and issues to the claimant a warrant on the county treasurer to pay it, such action renders the claim a liquidated one; and under the authorities cited above, mandamus will lie to compel the payment.

Where the statute imposes upon a county, or upon some official, board, or tribunal, the clear legal duty to levy a special tax to pay judgments, awards, bonds, warrants, or other allowed or fixed indebtedness, or interest thereon, or to provide a sinking-fund for payment at some future date, mandamus will lie, at the instance of the party interested, to compel the performance of such duty. 38 C. J. 776, § 624 (i), note 60. This is the rule in this State. Under the act of 1856, the legislature appointed commissioners to assess damages sustained by owners of lots in the Town of Webster by reason of the removal of the court-house of Lee County; and these commissioners gave to one Cheatham a certificate that he had been damaged in the sum of $1460, and to one Watterer a certificate that he had been damaged in the sum of $161. Watterer transferred his certificate to Cheatham. Cheatham filed his peti-

tion setting forth said demands, averring that there was a balance due on his certificate and the full amount was due on the one transferred to him, and that the ordinary would not assess a tax to have the same paid. It was prayed that he be compelled by mandamus to do so. The ordinary objected to the mandamus being made absolute, upon the grounds that said claims were not valid, subsisting debts against the county, that mandamus was not the proper remedy, and that the action was barred. The trial judge made the mandamus absolute, compelling the ordinary to levy a tax to pay these certificates. This court held that mandamus was the proper remedy to enforce the claims of Cheatham, and affirmed the judgment making the mandamus absolute. *Wilkinson* v. *Cheatham, 43 Ga.* 258. It is conceded that mandamus will lie to compel the ordinary or other proper county authorities to levy a tax to pay a judgment obtained against the county. *Dearing* v. *Shepherd, 78 Ga.* 28.

Mandamus lies to enforce official duty. Civil Code (1910), § 5440. County taxes shall be assessed to pay the legal indebtedness of the county due, or to become due during the year, or past due. § 513. When debts have accumulated against the county, so that 100 per cent. on the State tax will not pay the current expenses of the county and the debts in one year, they shall be paid as rapidly as possible, at least 25 per cent. every year. § 507. Under these sections of the Code it is the duty of the proper authorities to levy taxes to pay past-due indebtedness. *Wright* v. *Southern Ry. Co.,* 146 *Ga.* 581 (6) (91 S. E. 681). If the county authorities fail to perform this public duty, mandamus clearly lies to compel them to discharge it; and this court has in many cases affirmed judgments awarding writs of mandamus to compel the county authorities to levy taxes to pay warrants issued by the proper authorities upon the county treasurer, where this officer was without funds to pay them. In *Jackson Banking Co.* v. *Gaston,* 149 *Ga.* 31 (99 S. E. 30), it appeared that that company purchased from the original holders and had transferred to itself, in good faith, warrants drawn upon the treasurer of Butts County during the year 1906, against specified funds, amounting in the aggregate to $14,783.97. In another case between the bank and the county, which involved a contest over a specified fund subject to distribution, it was adjudged that the bank was entitled, out of such funds, to payment upon

these warrants of the amount of $9,877.11, leaving a balance of $7,344.86, with interest. The officer of the county charged with the duty of levying taxes for the payment of said warrants failed and refused to make such levy. There had not been, at any time since the issuing of said warrants, in the hands of the treasurer a sufficient fund out of which they could have been paid, the non-payment being due solely to the failure to levy a tax and provide a fund for their payment. The bank brought suit against the commissioner, and prayed that he be by mandamus compelled to levy a tax in such sums and at such times as might be necessary and proper to pay the balance due the bank upon these warrants. The commissioner demurred generally upon the grounds, among others, that the petition set out no cause of action. The trial judge overruled the demurrer, and this court affirmed his judgment, holding that the petition set forth a cause of action. In *Smith* v. *Lott,* 154 *Ga.* 259 (114 S. E. 30), it was held that the court below was authorized to grant a mandamus absolute, requiring the commissioner of roads and revenues of Wilkes County to assess, levy, and collect a tax sufficient in amount to pay off and discharge the warrants set out in the petition, and to pay off and discharge the indebtedness with the money so collected, and that this was so notwithstanding the county warrants were issued in 1919 and 1920 respectively; and the judgment granting a mandamus absolute was rendered during 1921.

But it is insisted that this court in *Cabaniss* v. *Hill,* 74 *Ga.* 845, held differently from the rule above stated. It is true that this court held that county warrants ceased to be of avail when the fund on which they were drawn was exhausted, in consequence of which the claim of the creditor was "a mere open, unliquidated account, an account not accepted as correct, not agreed to be paid except out of the particular fund, and not so far settled and fixed as to make mandamus the remedy to levy another tax to pay it;" and that, the power to raise money by taxation being a high prerogative, a mandamus absolute would not be granted to require the levy of a tax to pay a claim, where fraud in the contract and failure of consideration were pleaded, unless the proof of the justness and legality of the claim should be equivalent to a debt of record, or the judgment of some court making it a debt of record. An examination of the decision in that case will disclose that no authority

was cited for the proposition of law laid down. Besides, the reasoning in that decision is not satisfactory and sound. When a claim against the county is presented to the ordinary for audit, and he allows it and draws a warrant on the county treasurer in favor of a creditor for its payment, such action, as we have seen, liquidates the claim of the creditor. We can see no good reason why such liquidation is not good for all time. There is no good reason for holding that it should again be presented to the ordinary or other proper county authorities for audit and allowance. Once audited and allowed, the liquidation becomes complete. The fact that there may not be any money in the hands of the treasurer, or the fact that it is drawn on account of a particular fund and no such fund is then in the hands of the treasurer, or where such fund, although in the hands of the treasurer at the time the warrant was drawn, has become exhausted, does not invalidate and make of no avail the liquidation of the claim growing out of the fact that it has been audited and a warrant issued to the creditor for its payment. A claim once liquidated is always liquidated.

It may well be said that a decision by a full bench, in which a definite principle of law is decided, is binding, although the decision may not be based upon authorities which support it, and upon sound reasoning, unless there are other reasons for holding that it is not of force. There are reasons for holding that the proposition announced in *Cabaniss* v. *Hill,* to the effect that county warrants become of no avail when the funds upon which they are drawn are exhausted, is not binding as a precedent. In that case the court seems to have overlooked the order in which such warrants must be paid (Civil Code (1910), § 579), the provision for their registration and payment according to law without further notice to the treasurer previous to the time of payment (§ 580), and the effect of the failure to present county warrants before December 1, of each year, to the county treasurer for payment, which postpones their payment to all orders which were so presented and not paid for want of funds (§ 581). These statutory provisions, which were in force at the time of the decision in *Cabaniss* v. *Hill,* clearly indicate that county warrants do not become functus officio because the funds on which they are drawn may become exhausted. Furthermore, that decision was overruled, in part at least, in *City of Dawson* v. *Dawson Waterworks Co.,* 106 *Ga.* 696, 724, 725 (32

S. E. 907). The extent to which it was overruled is not clear. In the *Dawson* case it was said: "It is true it was held in that case [*Cabaniss* v. *Hill*] that a county would not be compelled by mandamus to pay the claim, because the fund upon which the order was drawn had been exhausted and there was no fund with which to pay the debt either in the treasury or on its way thereto. So far as the ruling in the case is concerned, it is in conflict with the views we now entertain, and the case must be overruled, for the same reason that the case upon which the ruling was based is overruled." This seems to imply that the ruling that a county could not be compelled by mandamus to pay a claim, when the fund on which it was drawn had been exhausted, and there was no fund with which to pay the debt either in the treasury or on its way thereto, was disapproved by the court.

We may concede, however, that it was not the purpose of the court to overrule the proposition in *Cabaniss* v. *Hill* that county warrants become of no avail when the fund on which they are drawn is exhausted. We think that there is a conclusive reason why that proposition is not applicable to the orders involved in this case. These orders were all issued subsequently to the act of July 24, 1920 (Acts 1920, p. 65), which provides that on the first day in December of each year the county treasurer and the commissioners of roads and revenues, or other authority having control of the finances of the county, shall make an entry of all orders entitled to payment which were not presented for payment by said date, and of orders of equal dignity which have been paid instead, in whole or in part, and what other orders are entitled to payment before such non-presented orders; that persons holding such orders, who present them without receiving their pay before said date, may have the treasurer annually to mark thereon "presented," the date of presentation, and the fact that they are not paid for the want of funds; and that such county orders when legally issued and duly presented as above provided, and not paid for want of funds, shall bear interest at the legal rate from date of presentation and non-payment for the want of funds. Clearly this act means that county orders do not become invalid because the funds upon which they are drawn are exhausted. The provision that they shall bear interest when presented and not paid for want of funds, and such entry is indorsed upon the warrants, clearly contemplates that such

warrants shall continue of force, and shall be paid in their proper order when there are funds in the hands of the treasurer of the character upon which they are drawn.

The proposition contained in the second division of the opinion in *Cabaniss* v. *Hill,* to the effect that a mandamus absolute would not be granted to require the levy of a tax to pay a claim, where fraud in the contract upon which the claim was based and failure of consideration were pleaded, unless the proof of the justness and legality of the claim would be equivalent to a debt of record, or the judgment of some court making it a debt of record, is not a ruling to the effect that there must be a judgment before mandamus absolute will be granted, but only a holding that the proof of the justness and legality of the claim, when fraud and failure of consideration are pleaded against its payment, must be the equivalent of a judgment. In the petition in this case there is no allegation tending to impeach the justness and legality of the claims against the county; and in passing upon the demurrer we can not assume either that there is any good defense to these claims, or that the proof which the plaintiffs would offer, if their claims were attacked for any reason, would not be the equivalent of judgments in their favor establishing the justness and legality of their claims. It is clear, from the authorities cited above and from the dictates of sound reasoning, that mandamus will lie to compel the proper county authorities to levy a tax to pay county warrants issued in payment of debts due, to become due, or past due, in the absence of some defense by the county impeaching the justness and legality of the debts for which the warrants were issued. We repeat what we said in *Hogansville Banking Co.* v. *Hogansville, s*upra: "The holder of a county warrant for a debt of the county could sue the county and recover; but such remedy would not be as convenient, speedy, and beneficial as the writ of mandamus. Besides, mandamus is the proper remedy to enforce the performance of official duties. If a county treasurer can be compelled to pay a lawful warrant drawn upon him by the proper county officials, we see no reason why the depository of a city, designated and appointed by its council to receive and hold its funds subject to its orders, can not be compelled to pay the warrant or order of the city drawn on such depository for its sinking fund."

The other grounds of demurrer to the petition are not well taken,

as the petition otherwise makes a case for the grant of a mandamus absolute.

*Judgment affirmed. All the Justices concur, except Beck, P. J., and Gilbert, J., dissenting.*

GILBERT, J. It seems to be the established general rule that where a debt against a county has been reduced to judgment and the judgment creditor has no other means of enforcing payment, mandamus is the appropriate remedy to compel the proper officers to levy a tax for that purpose, provided, of course, that the county has the power to levy a tax for the payment of such judgment. 18 R. C. L. 281. On the contrary it seems to be the rule that a simple contract debt can not be made the basis of an application for mandamus to compel the levy of a tax by the county for its payment while it retains its form as a simple debt. Ibid. Debts such as those incurred by a plebiscite of the people do not fall within this rule. In the present case county warrants were issued in different years and upon the public-road funds. They were not paid during the years in which they were drawn and dated. Though the petition alleges that they were liquidated demands, the facts set out therein show the contrary. If the county has a defense, it is not too late for that defense to be set up. Indeed, on an application for mandamus based upon a judgment, the county may go behind the judgment to ascertain whether its liability be such as to authorize a tax levy for its discharge. *Meyer* v. *Jordan,* 123 *Ga.* 669; *Brunson* v. *Caskie,* 127 *Ga.* 501. In a case based upon a similar state of facts this court held that where county warrants were drawn on a special fund and that fund was exhausted, thus leaving the county without funds with which to make payment, the warrants make "a mere open, unliquidated account, an account not accepted as correct, not agreed to be paid except out of the particular fund, and not so far settled and fixed as to make mandamus the remedy to levy another tax to pay it." *Cabaniss* v. *Hill,* 74 *Ga.* 845, 849. In that case it was also said: "It is the highest sort of prerogative to raise money by taxation." While in the *Cabaniss* case the county set up fraud and in this case fraud is not alleged, the principle stated above is nevertheless controlling. It should be noted that in *City of Dawson* v. *Dawson Waterworks Co.,* 106 *Ga.* 696, at page 724, the *Cabaniss* case was overruled in so far as it conflicted with the *Dawson* case. The former case was not other-

wise affected by the latter decision. The principle here ruled was not involved in the *Dawson* case. None of the cases cited in the majority opinion involve the same state of facts, and none of them purport to formally review and overrule the *Cabaniss* case.

Presiding Justice Beck concurs in this dissent.