CLAXTON STATE BANK *v.* R. S. ARMSTRONG
& BROTHER COMPANY.

No. 12154. JANUARY 14, 1938. REHEARING DENIED FEBRUARY 18, 1938.

488

*R. M. Girardeau,* for plaintiff in error.

*Hendrix & Buchanan,* contra.

GRICE, Justice. Mandamus will lie to enforce the performance of official duties. Code, § 64-101. Or of a public duty owing by a corporation to some private person as to matters in which he has a special interest. § 64-103. It is only where no issue of fact is presented by the answer to the application that the judge without a jury determines the matter. § 64-107. Counsel for the plaintiff in error contends that there are issues of fact, as follows: It is alleged in the petition that Claxton State Bank is the county depository of Evans County, and this allegation is denied in the answer. The petition alleges that Claxton State Bank acts as the treasurer of Evans County, and this is denied in the answer. It is alleged that the defendant bank was appointed as county depository of Evans County by resolution of the board of commissioners, effective February 15, 1937, and that the defendant bank has since then been and is now the county depository of that county; and the defendant bank says in its answer that it is not informed and does not know that any resolution was passed by the board of commissioners appointing it as county depository, and that the bank never accepted appointment as county depository; but that the bank expressly declined to receive the

county's funds under any obligation on its part other than to pay out the same upon the order and direction of the board of commissioners; that the bank did not receive any of said funds as county depository charged with the duties of a county treasurer; that the bank expressly declined to keep any records of said funds other than the usual records the respondent keeps of the accounts of its general depositors, and declined to be responsible for the handling of the funds in any manner other than as directed by the board of commissioners. It is alleged in the petition that the defendant bank refuses to pay the warrant, payment of which is sought by mandamus; to which allegation the bank replies in its answer that the warrant "is not drawn upon this respondent but is drawn upon the Claxton Cash Depository," and that "it had been notified by the board of commissioners of Evans County not to pay said warrant, if and when the same should be presented for payment."

Article 11, section 3, paragraph 1, of the constitution of this State (Code, § 2-8401) grants the authority to abolish the office of county treasurer in any county. In 1915 the office of county treasurer for Evans County was abolished. Acts 1915, p. 232. In 1929 the act amending the act creating a board of county commissioners for that county declared that "they shall select any bank in Evans County to do the work formerly done by the county treasurer of said county, but said bank shall not charge anything nor be paid anything directly or indirectly for performing said services." Ga. L. 1929, p. 604. It is insisted by counsel for defendant in error, that under the foregoing authority, and the allegations in the application and the statements in the answer, there was in reality no issue of fact, and that under the law and the admitted facts the judge was right in granting a mandamus absolute.

The case of *Hogansville Banking Co.* v. *Hogansville,* 156 *Ga.* 855 (120 S. E. 604), is relied on in support of the judgment to which the exception is taken, as is also *Bank of Chatsworth* v. *Hagedorn Construction Co.,* 156 *Ga.* 348 (119 S. E. 28). We do not think the instant case is controlled by either. The *Hogansville* case was a contest between the depositor and the bank, and the petition alleged, without dispute, that the "said banking company accepted said appointment and agreed to act as the de facto treas-

490

urer of the city." In their brief, counsel quote a sentence from the opinion in the latter case, to wit, "It follows that mandamus will lie against a county depository whose duties require him to receive and pay out county funds on proper vouchers." The facts of the *Chatsworth* case and the instant case are different. The court there assumed that the bank was substituted in place of the county treasurer, and in the second part of the decision simply supplied certain incidents disclosed by the statute to the actual contract between the depositor and the bank. In the instant case the resolution of the county commissioners by which it is said that the bank was appointed county depository is not shown; the answer disclaims any knowledge of any such resolution, and expressly alleges that "the respondent is not county depository charged with the duties of a county treasurer, and has not at any time been acting as such depository, and has never accepted appointment as county depository. On the other hand, when the board of commissioners began depositing the county's funds with the respondent bank, the respondent expressly declined to receive said funds under any obligation on its part other than to pay out the same upon the order and direction of said board of commissioners, and it did not receive any of said funds as county depository charged with the duties of a county treasurer." In the face of this, notwithstanding the answer admits that the county has on deposit with the respondent funds belonging to the county, we can not hold that the judge did not err in making the mandamus absolute, in view of the law which declares that when an issue of fact is presented by the answer the same shall be referred to a jury.

*Judgment reversed. All the Justices concur.*