36785. MATHEWS *et al. v.* JACKSON ELECTRIC
MEMBERSHIP CORPORATION.

DECIDED JULY 9, 1957—REHEARING DENIED JULY 23, 1957.

*Howard Oliver, Jr.,* for plaintiffs in error.

*D. M. Pollock, Stephens, Fortson, Bentley & Griffin,* contra.

FELTON, C. J. The defendant contends that in the mandamus proceeding the plaintiffs took a certain legal position in which they prevailed and are now seeking to take an inconsistent legal position which they are estopped from doing. In their petition for mandamus the plaintiffs alleged: "Plaintiffs show that they have and will suffer pecuniary loss for which they cannot be compensated in damages, since they are prevented from having the use, convenience, pleasure, comfort and enjoyment of electrical appliances, to wit: from having a television, radio, water well pump, electric stove, refrigerator, electric lights, etc." The defendant contends that since the allegation in the mandamus proceeding shows that the plaintiffs' pecuniary loss could not be compensated in damages and since they prevailed in that action, they can not now take the inconsistent position that they did suffer pecuniary loss for which they could be compensated in damages.

All that appears from the record concerning the hearing of the mandamus and the evidence presented therein is that a "particular question" was submitted to the jury by the trial court and that "an order was passed and judgment entered on April

27, 1955, ordering the defendant to supply electricity to petitioners." The record does not disclose the evidence submitted or on what basis the judge passed his order. In their petition for mandamus, it was not necessary for the plaintiffs to allege and prove that they had suffered pecuniary loss for *absolutely none* of which they could be compensated in damages. In such a case the plaintiff would only have to allege that there was no other specific remedy as adequate, convenient, complete and beneficial as the remedy by mandamus. *Head* v. *Waldrup*, 197 *Ga.* 500 (7) (29 S. E. 2d 561); *Hogansville Banking Co.* v. *City of Hogansville*, 156 *Ga.* 855 (4) (120 S. E. 604). It would not seem that the obtaining of a mandamus absolute would bar an action for recoverable damage for the period of time from that when the service was owed to the plaintiffs to the time when the service was begun under the mandamus judgment. In order for the mandamus to bar the present action, the allegation in respect to the damages contained in the petition for mandamus must have been the basis or one of the essential bases on which the trial judge ordered the mandamus absolute. Since it does not appear that such was the case, the plaintiffs are not barred in their present action by the mandamus action.

The damages sought by the plaintiffs in the present action were for loss of profits arising out of the inability of the plaintiffs to carry on a chicken business due to the failure and refusal of the defendant to furnish electrical service and for punitive damages. We cannot consider whether such damages are recoverable since the case is not before us on its merits but solely on the question raised by the plea in bar.

The court erred in sustaining the plea in bar and in dismissing the action.

*Judgment reversed. Quillian and Nichols, JJ., concur.*