JOHN L. HURST *et al.*, plaintiffs in error, *vs.* JAMES T. WHITLY *et al.*, defendants in error.

1. Where partitioners of land are appointed to sell the land and return the proceeds into Court, and they do sell, and the tenants in common then petition the Judge, at Chambers, to pass an order directing the partitioners to pay the fund to the counsel of the tenants in common, which order is granted, and the money paid in obedience to it, the tenants in common are estopped from denying the authority of the Judge to pass such an order at Chambers, and cannot require the partitioners, by rule, to pay the money into Court. The payment of the money to the counsel of the tenants in common, at the instance of the latter, relieves the partitioners of all further liability for it, and the tenants in common must look to their counsel for the fund.

2. If a rule *nisi* be granted, requiring an officer of the Court to show cause why he does not pay money into Court, but not calling on him to show cause why he should not be attached on his failure to do so, it is error in the Court to grant a rule absolute against him to pay the money into Court, and on his failure so to do, that he be imprisoned, without bail or mainprize, until he makes the payment.

Partition. Rule against commissioners. Before Judge WRIGHT. Heard Superior Court. March Term, 1872.

On December 5th, 1870, a petition was presented to the Honorable John S. Bigby, then Judge of the Superior Courts of the Tallapoosa Circuit, at Chambers, containing substantially the following allegations:

That at the September term, 1870, of the Superior Court of Heard county, an order was granted at the instance of James

T. Whitly *et al.*, tenants in common, in the land known as the "Garrett place," appointing John L. Hurst *et al.*, commissioners to sell the land, after due advertisement, at the Court-house door in said county, for one-half cash and one-half on twelve months'. time, with good security, and to make their report to the next term of the Superior Court of said county; that said commissioners did sell said property on the first Tuesday in March, 1870, for the sum of $1,835 00, to William B. Edmondson, receiving in cash $912 50, which said commissioners now have in hand; that as said order requires. said commissioners to report at the next Superior Court, on the third Monday in March, 1871, the petitioners and applicants for the order for the sale of said land, pray your Honor to pass an order. directed to said commissioners, to pay said $912 50, after deducting expenses and compensation, to petitioners' attorneys, Benjamin H. Bigham, James K. Strickland and C. W. Mabry, for the purpose of paying attorneys' fees, Court costs, and dividing the remainder between petitioners.

The Judge passed the order as prayed for. Upon this order the commissioners paid to B. H. Bigham, $300 00; to J. K. Strickland, $100 00, and to C. W. Mabry, $300 00, taking receipts in which it was expressed that said sums of money were paid to said Bigham, Strickland, and Mabry, " as attorneys and solicitors in the case of Ainsworth *vs.* Ainsworth, and other proceedings in behalf and for the protection of the parties interested and under an order of the Honorable John S. Bigby, presiding Judge."

At the September term, 1871, it appears that a rule was taken against the commissioners, upon which there was paid by Lewis Glanton, one of the commissioners, $140 00. What was the final disposition of this rule the record fails to disclose, unless it was upon this same proceeding that the questions in issue arose at the March term, 1872. This order merely required the commissioners to show cause why they should not pay into Court ......... dollars for petitioners. The commissioners set up in response to. said rule, among many other

matters of defense, the payments to Messrs. Bigham, Strickland, and Mabry, under the aforesaid order of Judge Bigby, issued at Chambers. The Court allowed only the credit of $140 00, paid into Court under the rule at September term, 1871, and ordered that said commissioners pay the sum of "$772 50, into Court *instanter*, and upon failure, that they should be attached and imprisoned without bail or mainprize, until such payment is made."

To which order plaintiffs in error excepted, and now assign the same as error.

C. W. MABRY; J. K. STRICKLAND; B. H. BIGHAM, for plaintiffs in error.

W. B. THOMPSON; HUGH BUCHANAN; J. B. S. DAVIS, for defendants.

MONTGOMERY, Judge.

1. It certainly would "shock the moral sense" to allow the parties moving the rule in this case, against the partitioners, now to come into Court and hold the partitioners liable for an amount which they have, in good faith, paid over to the attorneys of the movants, at the instance of the latter so formally indicated as by a petition to the Judge at Chambers to compel the payment. If there ever was a case of estoppel this is one. To deny the authority of the Judge to pass the order for payment with which the partitioners complied, is, on the part of the movants, to deny their own solemn act entered of record in a matter in which they were the pro-movants. Were the Courts to tolerate such a proceeding, they would become mere engines of oppression instead of tribunals for the adjudication of rights. The tenants in common, in this case, must look to their counsel for their money. They, themselves, have discharged the partitioners from all further liability by the order which they obtained on their own motion.

2. The order of attachment and imprisonment was also

error, even had the order for the payment of the money been correct. The partitioners should first have been called on to show cause why an attachment should not issue: *Davis vs. Irwin,* 8 *Ga.,* 153.

Judgment reversed.