## REYNOLDS *v.* REYNOLDS.

1. An action to annul a marriage because a husband was fraudulently induced to enter into the same, and a libel for divorce upon the same state of facts, do not set out identical causes of action; and where the former is dismissed, the plaintiff can bring a suit for divorce without paying the costs of the former action, or making affidavit of his inability to pay the same, under sections 5625 and 5626 of the Civil Code.

2. Where the defendant demurred to the former suit on the grounds that it set forth no cause of action, and because the remedy of the plaintiff was an action for divorce under the facts stated in the former suit, and the court sustained her demurrer on the last ground, she is estopped from setting up that the cause of action in the first suit was identical with the cause of action set out in the suit for divorce; parties not being permitted to assume inconsistent positions before the court.

No. 2821. MAY 19, 1922.

Divorce. Before Judge Meldrim. Chatham superior court. August 17, 1921.

On April 2, 1921, William Reynolds filed his libel for divorce against Jessie P. Reynolds, on the ground that their marriage was utterly void, on the following facts: On June 7, 1920, the defendant telephoned and requested him to call at her home on the evening of the same day. On the night of said day he called at the home of the defendant, and was told by her and her cousin that the former was pregnant with child, and that he was the father of said child. Not wishing to shirk or evade any legal or honorable obligation, he married the defendant on said night, but has never since cohabited with her. On June 8, 1920, he learned that he was not the father of the child with which defendant was pregnant, and that prior to her marriage with him she had committed fornication a number of times. A fraud was practiced upon him by defendant and her cousin, causing him to believe that he was the father of the child with which defendant was pregnant. Wherefore he prayed for a divorce.

The defendant, before pleading to the merits, filed her plea in abatement, in which she alleged that to the October term, 1920, of Chatham superior court, the plaintiff brought a bill in equity to annul their marriage, upon the same ground and with similar allegations to those contained in his libel for divorce. To this bill the defendant demurred on the grounds: (1) that said petition fails to set forth a good and sufficient cause of action; (2) because the same fails to set forth facts justifying the conclusion of the plaintiff that he is not the father of the child with which the defendant was pregnant; and (3) because said action should have been one for divorce. The court sustained this demurrer and dismissed the plaintiff's bill for annulment, the court holding that the petition for annulment could not be brought for a cause recognized by the statute of this State as a ground for divorce. The defendant further alleged in her plea that the plaintiff had not paid the costs in his suit for annulment; and for this reason she prayed that the plaintiff's libel for divorce be abated.

The issue raised by this plea was submitted to the trial judge to be passed upon without the intervention of a jury. The proof showed that the allegations in the plea in abatement, as to the bringing of the former petition for annulment, its dismissal on demurrer, and the non-payment of the costs of the former suit by the plaintiff, were true. The court overruled this plea in

abatement, on the ground that the causes of action were not the same. Error is assigned on this judgment.

*Travis & Travis,* for plaintiff in error.

*Hugh M. Gannon* and *Samuel A. Cann,* contra.

HINES, J. (After stating the foregoing facts.)

1. In case of nonsuit, dismissal, or discontinuance, the plaintiff may recommence his suit on the payment of costs. Civil Code, § 5625. When a suit is nonsuited, dismissed, or discontinued, and the plaintiff desires to recommence his suit, if he will make and file with his petition an affidavit in writing that he is advised and believes that he has a good cause for recommencing his suit, and that owing to his poverty he is unable to pay the costs that have accrued in said case, he shall have the right to renew said suit without the payment of costs. Civil Code, § 5626. These provisions do not apply where the second suit is substantially different from the one brought and dismissed. *Doody Co.* v. *Jeffcoat,* 127 *Ga.* 301 (56 S. E. 421). The two suits must be identical as to parties and causes of action, before these sections of the code apply. *Moore* v. *Bower,* 6 *Ga. App.* 450 (3), 453 (65 S. E. 328). The voluntary abandonment of an attachment which had never been levied, and the bringing of an action in personam without the payment of the magistrate's costs in issuing the attachment, or making affidavit of inability to pay such costs, is no ground for abating the latter suit under these sections. *Wright Mercantile &c. Co.* v. *Eton Mercantile Co.,* 143 *Ga.* 192 (84 S. E. 442). These provisions have no application to the commencement of a different suit between the same parties from the one nonsuited, dismissed, or discontinued. *Bunting* v. *Hutchinson,* 5 *Ga. App.* 194 (63 S. E. 49).

Does an equitable petition to annul a marriage on the ground of fraud set out the identical cause of action as that in a libel for divorce on the ground of fraud, the facts constituting the fraud being the same in each proceeding? We do not think so. The learned trial judge, in his opinion overruling the plea in abatement, well says: " The suits must be identical as to parties and cause of action. The first suit was for the annulment of marriage, the second for divorce. The two actions are essentially different. The annulment was by a bill in equity; the divorce suit by statute. One verdict can annul a marriage; but two concurrent verdicts

at different terms of the court are required to grant a divorce. A marriage may be annuled even after the death of a party, when property rights are involved; but a divorce can not be granted against a dead party. A decree of annulment is to be regarded as a judgment quasi in rem. *Luke* v. *Hill,* 137 *Ga.* 159 (73 S. E. 345, 38 L. R. A. (N. S.) 559). The adjudication fixes only the status of the parties. A decree in divorce is comprehensive. It not only dissolves marriage ties, but determines the right to remarry, may restore to the woman the name she bore before marriage, allows alimony as an incident of divorce, disposes of the property of the husband, and awards the custody of the children." This excerpt from the opinion of the trial court states the matter clearly and strongly.

2. But the true question in this case is this: Where a petition for annulment of a marriage sets forth no cause of action, can such " no-cause of action " be said to be identical with a valid and good cause of action set forth in a libel for divorce, when the basic facts in each case are identical? The defendant demurred to the equitable petition for the annulment of their marriage, brought by the plaintiff, on the grounds that the same set forth no cause of action, and because a suit for annulment will not lie on any ground upon which a divorce would be granted. The trial court sustained this demurrer on the latter ground, and dismissed the petition for annulment. The court thus adjudged that, for this reason, the equitable petition for annulment set out no cause for the grant of such relief. In view of this judgment, which she invoked, the defendant is now estopped from asserting that the equitable petition for annulment set forth a cause of action which is identical with the cause of action set out in the plaintiff's libel for divorce. A litigant can not blow hot and cold. A party can not assume inconsistent positions before the court. A party is bound by a rule which he invokes, and by a judgment in his favor which he procures. *Butler* v. *Tifton &c. Ry. Co.,* 121 *Ga.* 817 (49 S. E. 763); *Neal Loan &c. Co.* v. *Chastain,* 121 *Ga.* 500 (49 S. E. 618).

The court did not err in overruling the plea in abatement.

*Judgment affirmed. All the Justices concur.*