SELLS *v.* SELLS.

No. 8651.   JULY 14, 1932.

*Howell, Heyman & Bolding,* for plaintiff.

*O. C. Hancock,* for defendant.

BECK, P. J. (After stating the foregoing facts.) Under our statutes and numerous decisions by this court, the ruling made in the headnote is required. This is demonstrated by a brief summary of the several suits brought by the plaintiff in error against the defendant in error and the adjudications in those suits. A total divorce between the parties was granted June 25, 1926, and a decree

awarding custody of the minor child, a daughter, to the mother, the defendant in error here, except for five hours on each Sunday, when the father should have possession of the child. Following this decree there have been the following proceedings: January 6, 1931, petition by plaintiff in error seeking custody of the child. A demurrer to this petition was sustained and the suit dismissed January 29, 1931. February 27, 1931, petition to set aside the judgment of January 29th, and to allow petitioner, the plaintiff in error here, to dismiss his petition of January 6th, and praying that he have custody of the child for at least half the time. The court vacated the judgment of January 29th, but sustained a demurrer to the petition of February 27, 1931. On exceptions filed by plaintiff in error, this judgment was affirmed by this court, in the case of *Sells* v. *Sells,* 172 *Ga.* 911 (159 S. E. 237). Then was filed the present petition for the writ of habeas corpus and for the exclusive custody of the minor child. To this a plea of res adjudicata was filed, and the same was sustained on September 1, 1931. See Civil Code, §§ 4335, 4336, 4338; *Hill* v. *Cox,* 151 *Ga.* 599, 604 (107 S. E. 850); *Richards* v. *McHan,* 139 *Ga.* 37, 39 (76 S. E. 32); *DeLoach* v. *Georgia Coast & Piedmont R. Co.,* 144 *Ga.* 678 (87 S. E. 889). In *Sells* v. *Sells,* supra, which was a suit between the same parties to recover the custody of the same child, it was said: "Inasmuch as the petition failed to allege that the mother of the child, to whom its custody was given in the original decree, was in any way unable or unsuited to retain custody, or that the conditions and circumstances were in any way changed, the court did not err in sustaining the general demurrer and dismissing the petition." In the present case there was an allegation that the mother of the child, to whom its custody was given in the original decree, was unsuited to retain that custody, but it is not shown that the conditions and circumstances set out in the former petition were in any material way changed. Even if the matter in issue is not strictly res adjudicata, the plaintiff is estopped by the judgment formerly rendered, the controlling issue in the present case having been formerly adjudicated against him.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*