CHRISTOKAS *v.* WEST, solicitor-general, *et al.*

No. 11010. DECEMBER 11, 1935.

*Lamar C. Rucker, Howell Cobb,* and *R. A. Brown,* for plaintiff.
*Henry H. West,* for defendants.

HUTCHESON, Justice. Nick Christokas filed his petition against H. H. West, solicitor-general, and Claude Kidd, county bailiff, alleging that Kidd, acting under instructions of West, had sworn out a warrant and caused his arrest for an alleged violation of the act of the legislature legalizing the sale of beer, which prohibits such sale within one hundred yards of any college campus; that the

defendants have threatened to continue such prosecutions; that from the nearest point of the department of the University of Georgia lot the nearest available route to the petitioner's place of business is considerably more than one hundred yards. He prayed for injunction restraining the defendants from taking out warrants against him for such alleged violations. By amendment he struck from his petition the allegation that a warrant has been issued and that he has been arrested, and alleged that the defendants had notified him that unless he discontinued the sale of beer he would be arrested and prosecuted. In answer the defendants alleged that no warrant had been sworn out against the petitioner, and he had not been arrested, but that his attention had been called to the act of the legislature making it illegal to sell alcoholic beverages within one hundred yards of any college campus. On a hearing injunction was denied, and the petitioner excepted.

"Equity will take no part in the administration of the criminal laws. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Code of 1933, § 55-102; *Pope* v. *Savannah*, 74 *Ga.* 365. A court of equity will not exercise its extraordinary powers where there is no grave danger of impending injury. Bare fears of injury will not authorize such action. *Elam* v. *Elam*, 72 *Ga.* 162 (2). Both the petition and the answer show that no overt act has been done by the defendants, no warrant has been issued, and no arrest made. Therefore there is no basis for the exercise of equity jurisdiction, and the court did not err in denying an injunction. *McPhaul* v. *Simon*, 181 *Ga.* 260 (182 S. E. 19) ; *Cathcart Van & Storage Co.* v. *Atlanta*, 169 *Ga.* 791 (151 S. E. 489) ; *Howard* v. *Briarcliff Zoological Corporation*, 178 *Ga.* 595 (173 S. E. 391).

*Judgment affirmed. All the Justices concur.*