KAISER *v.* KAISER, trustee.

No. 14241. SEPTEMBER 16, 1942. REHEARING DENIED OCTOBER 16, 1942.

*William G. McRae,* for plaintiff.

*Spalding, Sibley, Troutman & Brock,* for defendant.

GRICE, Justice. ■ If this be an executed trust, the legal title is in Irving R. Kaiser. There is not a word of testimony to the effect that the defendant was about to dispose of his property, or that he intended to do so. A complainant is not entitled to an injunction to prevent something that is not going to happen. He must show a right to an injunction; and he does not do this, even if otherwise entitled to it, unless he shows that it is needed. *Elam* v. *Elam,* 72 *Ga.* 162 (2); *Christokas* v. *West,* 181 *Ga.* 513 (182 S. E. 895). The right to a receiver follows the right to an injunction. The one is useless without the other. No need is disclosed for a receivership to take the defendant's own property out of his own hands, and hold it. See Code, § 55-106.

■ In his answer the defendant expresses his willingness and intention to resign as trustee. This is the equivalent of a tender of his resignation. On the hearing it appeared that the plaintiff received from the defendant a letter enclosing a certificate for 596 shares of stock of the Nat Kaiser Investment Company, and a check

for $26.41, which stock and check the plaintiff refused to accept. The certificate represented the corpus of the devise in that item of the will which purports to create the trust in question, and the defendant in his answer contends that the income therefrom now in his hands amounts to $26.32. In the light of this, there is no need to require him to give bond. A bond could only be security for his future acts, not those in the past. *Lamar* v. *Walton, 99 Ga.* 356 (3) (27 S. E. 715). Therefore it will be seen, that, whether the trust here involved be treated as executed or executory, this record presents no case which would justify the grant of any of the extraordinary relief prayed for.

The opinion of this court as originally delivered assigned reasons for its judgment of affirmance, additional to those appearing above. Upon consideration of the motion for rehearing, the latter part of the first opinion is withdrawn, the questions there dealt with being left open, since it is not necessary under the present record to determine them. This disposition of the case on motion for rehearing coincides with the views expressed by Mr. Presiding Justice Atkinson in his special concurrence when the original opinion was delivered, which special concurrence follows: "I concur in the rulings in the first and second divisions. Since the judgment under review, on account of what is there held, must be affirmed, this court should leave open the question dealt with in the third division of the opinion until a necessity arises for a decision thereon. For this reason, I express no opinion on what is contained in the third division."

*Judgment affirmed. All the Justices concur.*