1. The exception is to the refusal of the judge to grant an injunction and receiver, and to require the defendant, sued as trustee, to give bond. If the case be treated as one against a person who is not a trustee because the purported trust is invalid, the plaintiff does not show that he is entitled to any of the extraordinary relief sought.
2. The same result follows if it be adjudged that the trust is a valid, executory trust, and if the plaintiff be not precluded from so insisting; the defendant averring his willingness and intention to resign as trustee, he having tendered to the plaintiff the corpus of the estate, together with a check which he avers represents the entire income therefrom in his hands; and it not being alleged or shown that the defendant intends to dispose of or encumber any of his property.
 No. 14241. SEPTEMBER 16, 1942. REHEARING DENIED OCTOBER 16, 1942.
This case came to this court on exception to the order of the judge, denying the prayers for appointment of a receiver and for a temporary injunction restraining the defendant from alienating his property, and the prayer that the defendant be required to give bond, as prayed. The petition was presented to the judge on January 20, 1942. It set out the will of Nat Kaiser, and referred specifically to item 8 thereof, as follows: "I will and desire that one fifth of my estate, except as hereinbefore provided, be vested in my son Herbert Kaiser, as trustee for my son Irving R. Kaiser, and for the remaindermen as indicated in this item. I desire my son Irving R. Kaiser shall receive the net income from said one fifth of my estate as long as he shall live; but upon his death, I desire that said portion of my estate in this item referred to shall go to the person or persons designated to receive the same by the will of my said son, Irving R. Kaiser. In the event the said Irving R. Kaiser should fail to dispose of said property by his will, it shall go and belong in fee simple to my children then living and the descendants of any deceased child of mine, the descendants of a deceased child to take per stirpes. In the event said grandchild or grandchildren, or any of them, shall not be of age at the time they may become entitled to any of my estate, then I appoint the said Herbert Kaiser as their testamentary guardian hereunder, relieving him as such from having any appraisement made. Any portion of my estate which in any way may go to my son, Irving R. Kaiser, under this will shall be included within the trust provided by this item, and subject to the conditions thereof."
The petition named as defendant "Herbert Kaiser as trustee for Irving R. Kaiser, as designated under the terms of item 8 of the will of Nat Kaiser." It was alleged, that a division in kind of the property left by Nat Kaiser was ordered by the ordinary of Fulton County, pursuant to the return of appraisers appointed for said purpose upon petition of the executors of said will; that the executors, pursuant to said order, delivered to Herbert Kaiser, in trust for petitioner, 596 shares of the capital stock of the Nat Kaiser Investment Company, a corporation; that the defendant has held and managed the said stock as such trustee; that said trust became executed as soon as it became operative, because petitioner was then sui juris; that said trust was subject to be annulled by the court, because at the time of the filing of the petition the petitioner *Page 660 
was not, on account of mental weakness, intemperate habits, wasteful and profligate habits, unfit to be entrusted with the right and management of property, and if there was ever any reason why the property devised to petitioner should be put in the hands of the trustee, such reason no longer existed; that the income from said property which has come into the hands of said trustee is considerably in excess of the amounts which have been paid to petitioner by said trustee; and that the defendant trustee has threatened to discontinue making monthly payments to petitioner of $115 per month, which said trustee claims to be the income from said property, in the event petitioner should seek the aid of the court in annulling said trust; that petitioner is entitled to the possession and control of said property, and to have the legal title decreed to be in his name, during his life, with full power to manage and control the same. He prayed as follows: (a) That a full accounting be had between the petitioner and the defendant; and that the defendant as trustee be required to account to petitioner for all moneys or other things of value received as trustee, and that the court by decree render judgment against the defendant for all sums improperly converted by him or retained by him in the management of said property. (b) That the court construe said will, and that it be adjudicated that item 8 of said will does not create an executory trust for Irving R. Kaiser, and does not create an executory trust for any remaindermen, that such trust as was created by item 8 became executed on the death of Nat Kaiser, that said trust be annulled, and that the petitioner is entitled to have title and possession of his share of the estate as set out in said will. (c) That the court decree that petitioner is entitled to cast the votes represented by said shares of stock at any and all stockholders meetings of the Nat Kaiser Investment Company, so long as petitioner lives. (d) That the defendant be enjoined from discontinuing payment to petitioner of $115 per month, until further order of the court; and for other relief as might be deemed proper.
The defendant demurred to paragraphs 7, 11, 13 and 14 of said petition upon the grounds, that the allegations of each of said paragraphs, to the effect that the trust was not an executory one, but an executed trust, and that petitioner was entitled thereunder to the possession and control of the property, set forth a legal conclusion; that said legal conclusion is in conflict with the provisions of *Page 661 
item 8 of the will of Nat Kaiser; and, as to paragraph 7, that it affirmatively appears from item 8 of the will that the trust referred to in said paragraph is a valid, subsisting, and unexecuted trust.
The plaintiff amended paragraph 7 of the original petition, by enlarging on his contention that the trust became executed as soon as it became operative. Also, by adding count 2, its allegations being the same as in the original petition relating to the trust having become executed at the death of Nat Kaiser, and at the time of the filing of the petition, because the reasons for the trust no longer existed; and alleging that the trustee had failed to convert said stock into a legal investment; praying for damages because of such failure and the loss to petitioner and said trust estate by reason thereof; alleging insolvency of the trustee; and praying for the same relief as in the petition, with additional prayers for appointment of a receiver, removal of the trustee and appointment of a successor, temporary injunction restraining the defendant from alienating his property pending final termination of the suit; for judgment in damages, and for rule absolute requiring the defendant to give bond as trustee. The court signed an order dated February 27, 1942, restraining the defendant as prayed, and requiring him to show cause why the prayers of count 2 should not be granted. A copy of said amendment and order was served on counsel for the defendant on March 3, 1942.
On April 3, 1942, the case came on for an interlocutory hearing before Judge Davis. Defendant's counsel then served plaintiff's counsel with a copy of defendant's motion to dissolve the restraining order, and with a copy of his demurrer to count 2. Defendant's counsel requested that the court first consider the demurrer to count 1 of the petition. After argument of counsel, the court overruled all demurrers to the original petition. Counsel for the plaintiff stated that he was not served with copies of the demurrer to count 2, and of the answer to count 2, until after the hearing had commenced, and that he had not had sufficient time to read them. The court granted time for counsel to read said documents. After so reading, plaintiff's counsel stated, that the demurrer to count 2 contended that the petition was proceeding upon inconsistent theories, and called on the plaintiff "here and now to elect between his claim that no valid executory trust has existed, and his allegations that such a trust has and does exist and that the defendant *Page 662 
has acted as trustee thereof;" that plaintiff's counsel had not had time to consider the making of such election; and that, until he had time to study the matter and decide upon his course, he would continue to rely upon both of the theories which the defendant contended were set out in the petition. It was then agreed by the court and counsel that the hearing should proceed upon the defendant's motion to dissolve the restraining order, and the application of the plaintiff for injunction; and for appointment of a receiver for the property of the defendant; and for the rule requiring the defendant to give a bond as trustee, conditioned to account for the trust property in his hands, together with the income therefrom, in conformity with the terms of the trust. The plaintiff introduced one item of evidence; and the court postponed the hearing. The hearing was resumed on April 13, 1942, and counsel for the plaintiff stated to the court, that on April 11, 1942, "the plaintiff had received from the defendant a registered letter which the defendant had addressed to the plaintiff in care of the Wynne Hotel, where plaintiff lived, said letter containing a certificate for 596 shares of stock of the Nat Kaiser Investment Company and a check for $26.41, that the hotel clerk had to sign for the letter, and that Irving R. Kaiser had receipted for the letter from the hotel clerk under the impression that it contained the usual monthly check which had theretofore been sent to plaintiff by his trustee by registered mail; and counsel for plaintiff laid said letter containing said certificate and check on the table before counsel for the defendant, and counsel for the plaintiff stated to the court and to counsel for the defendant and the defendant that Irving R. Kaiser was refusing to accept the certificate of stock and the check. Counsel for the defendant then stated to the court, that, in view of the ruling of the court on the demurrers of the defendant to the petition, the defendant had accepted the ruling of the court on these demurrers, and that it was the contention of counsel for the defendant that the effect of such ruling was to determine that the will of Nat Kaiser did not establish a valid executory trust for Irving R. Kaiser, and that in line with the view which defendant's counsel entertained of the legal effect of such ruling Herbert Kaiser had obtained from the Nat Kaiser Investment Company a certificate for 596 shares of the capital stock of that corporation which had theretofore been held by Herbert Kaiser as trustee, and that he, *Page 663 
Herbert Kaiser, had mailed this certificate of stock, together with a check for $26.41, representing the cash held by Herbert Kaiser as trustee, to Irving R. Kaiser."
The plaintiff then tendered an amendment striking from the petition the allegations with respect to the trust being executed, and conforming the allegations of the petition to a suit for recovery of damages from the defendant, based upon the existence of an executory trust with the defendant as trustee. Said amendment was allowed, subject to demurrer, and was filed. After evidence and argument, the prayers for receiver and injunction, and that the defendant be required to give bond, were denied, and the plaintiff excepted. Above the judge's signature to the bill of exceptions is the following statement: "I further certify that it was the opinion of the court that the petition set out an invalid trust, and did not, therefore, set out a cause of action. This opinion alone constrained the court to rule that no case was made for the appointment of a receiver or for a temporary injunction, or for the granting of a rule absolute requiring the defendant to give bond. If the court had construed the petition differently, it would have granted some of the extraordinary relief prayed for on the interlocutory hearing."
1. If this be an executed trust, the legal title is in Irving R. Kaiser. There is not a word of testimony to the effect that the defendant was about to dispose of his property, or that he intended to do so. A complainant is not entitled to an injunction to prevent something that is not going to happen. He must show a right to an injunction; and he does not do this, even if otherwise entitled to it, unless he shows that it is needed. Elam v. Elam, 72 Ga. 162 (2); Christokas v.West, 181 Ga. 513 (182 S.E. 895). The right to a receiver follows the right to an injunction. The one is useless without the other. No need is disclosed for a receivership to take the defendant's own property out of his own hands, and hold it. See Code, § 55-106.
2. In his answer the defendant expresses his willingness and intention to resign as trustee. This is the equivalent of a tender of his resignation. On the hearing it appeared that the plaintiff received from the defendant a letter enclosing a certificate for 596 shares of stock of the Nat Kaiser Investment Company, and a check *Page 664 
for $26.41, which stock and check the plaintiff refused to accept. The certificate represented the corpus of the devise in that item of the will which purports to create the trust in question, and the defendant in his answer contends that the income therefrom now in his hands amounts to $26.32. In the light of this, there is no need to require him to give bond. A bond could only be security for his future acts, not those in the past. Lamar v. Walton, 99 Ga. 356 (3) (27 S.E. 715). Therefore it will be seen, that, whether the trust here involved be treated as executed or executory, this record presents no case which would justify the grant of any of the extraordinary relief prayed for.
The opinion of this court as originally delivered assigned reasons for its judgment of affirmance, additional to those appearing above. Upon consideration of the motion for rehearing, the latter part of the first opinion is withdrawn, the questions there dealt with being left open, since it is not necessary under the present record to determine them. This disposition of the case on motion for rehearing coincides with the views expressed by Mr. Presiding Justice Atkinson in his special concurrence when the original opinion was delivered, which special concurrence follows: "I concur in the rulings in the first and second divisions. Since the judgment under review, on account of what is there held, must be affirmed, this court should leave open the question dealt with in the third division of the opinion until a necessity arises for a decision thereon. For this reason, I express no opinion on what is contained in the third division."
Judgment affirmed. All the Justices concur.