KAISER *v.* KAISER, trustee.

No. 14457. April 13, 1943. Rehearing denied May 8, 1943.

*William G. McRae,* for plaintiff. *Spalding, Sibley, Troutman & Brock,* and *James A. Branch Jr.,* for defendant.

Reid, Chief Justice. A full statement of the main pleadings in this case will be found in its former appearance in this court in *Kaiser* v. *Kaiser,* 194 *Ga.* 658 (22 S. E. 2d, 390), where the case was here on review of the court's refusal to grant an interlocutory injunction as prayed for by plaintiff. It was not then necessary to decide whether the case should be treated "as one against a person who is not a trustee because the purported trust is invalid," or whether it was one seeking to recover against a trustee because of his breach of duty arising under a valid executory trust; the court holding in that decision that under the record the plaintiff was not entitled to an injunction upon either theory. But since the case now to be decided depends entirely upon the effect and construction of the pleadings, in order to fully understand the rulings presently to be made, it may be necessary to take a full view of the statement of the pleadings as reported in the other case. They will not be repeated. The brief for the defendant contains an analysis of the pleadings and the events of the case from its inception up to a final judgment dismissing the plaintiff's action, to which the present exceptions are taken. We have carefully compared this analysis with the record, and in the main it may be adopted as the abbreviated history necessary to have before us to

determine whether error was committed in dismissing the case. Omitting certain conclusions, the statement appears substantially as follows: (a) On January 21, 1942, the plaintiff filed his petition in which he took the position that the will of Nat Kaiser did not create an executory trust, and in which he asked possession of his property and an accounting for past income from it. (b) The defendant filed demurrers to so much of the petition as alleged that the will of Nat Kaiser did not create a valid, executory trust. (c) On February 27, 1942, the plaintiff voluntarily filed his first amendment to his petition, amending paragraph 7 thereof, and reaffirming his contention that the will of Nat Kaiser did not set up a valid trust. (d) On March 5, 1942, the plaintiff filed a second amendment to his petition, denominating it as count two, in the first eight paragraphs of which he again set forth his contention that Nat Kaiser's will did not create a valid trust. In the remainder of this amendment, the plaintiff proceeded to make numerous averments in respect to damages he claimed, which averments obviously rested on the theory that the will in question did create a valid trust.

On April 3, 1942, the case was called for a hearing before the trial court. Defendant's counsel at that time served counsel for plaintiff with a copy of defendant's demurrer to count two. In this demurrer, defendant again attacked the allegations of the petition as amended, in which it was averred that no valid trust was created; and in the demurrer defendant also pointed out that plaintiff was trying to proceed on inconsistent theories, and that he should be required to elect as between them. (f) Thereafter the court proceeded to hear defendant's demurrers to the original petition. (There was never any hearing on defendant's demurrers to count two of the petition.) The court entered an order overruling the demurrer to the original petition, and heard evidence on the application for injunction and receiver, adjourning the hearing to April 13. In the meantime the defendant, acceding to the ruling of the court construing the trust to have become executed upon the death of Nat Kaiser, tendered to the plaintiff what purported to be all of the property held under the purported trust. This tender was rejected by the plaintiff, and on that date before the resumption of the hearing the plaintiff filed another amendment to his petition, which struck from his pleadings all

allegations, both those in the original petition and those contained in the amendments, which were to the effect that the trust set up by Nat Kaiser's will was executed and invalid. In this situation the hearing on plaintiff's application for injunction was resumed, and on April 23, 1942, the court entered an order denying injunction and receiver. It was that order which was reviewed in *Kaiser* v. *Kaiser,* supra. (g) On May 22, 1942, the defendant filed a motion to dismiss the petition and to dismiss the amendment of April 13, 1942. In this motion defendant pointed out that plaintiff, after invoking a ruling that no valid trust was created by Nat Kaiser's will, had revamped his petition so as to make it proceed on the sole theory that the trust set up in said will was valid. Defendant further pointed out that plaintiff could not be heard to contend that the trust was valid after having invoked an opposite ruling. (h) On November 4, 1942, defendant filed his second motion to dismiss plaintiff's petition and all amendments thereto. This motion renewed all grounds of the earlier one, and in addition pointed out that certain paragraphs of counts one and two sought to add a new cause of action, different from that alleged in the original petition. (i) On November 25, 1942, the court sustained this second motion and dismissed the action. To this order the plaintiff now excepts.

■ We have taken some pains, although aided by briefs of counsel in doing so, to redraw the picture, because an exact understanding of the state of the pleadings is required to get an intelligent view of the question made. The court, by a ruling which stood unreversed and unexcepted to, had construed the item of the will on which the plaintiff's cause depended, and the effect of this construction by the ruling on the demurrer to the original petition was to hold in accordance with the plaintiff's contentions that the trust had been executed and that he was entitled to recover the property passing under this item of the will. The demurrer to count 2 had not been and never was passed upon; but it is to be remembered that the plaintiff's case, whether stated in the original petition or by amendment in "count two," depended upon this item of the will. The trust was either executed or it was a valid, subsisting, executory trust. There was no middle ground, and no matter upon consideration of which count adjudication might have been made, the necessary effect of it was to construe the item of the

will and thus adjudicate the main question in the case. A construction that it had one effect would preclude a construction that it had the other. Let it be again borne in mind that at the time the motion to dismiss the action was sustained the plaintiff had by amendment eliminated from the case all allegations and prayers predicated upon the theory that the trust had become executed, and that plaintiff was entitled to the property. The defendant contends that the ruling on the demurrers had become the law of the case; that plaintiff had elected by invoking such ruling in his favor to pursue that remedy, and was estopped and bound thereby. We find it unnecessary to denominate, by way of giving a name in the technical sense, the exact field within which a ruling in these circumstances should be classified; that is, whether it became the law of the case, estoppel by judgment, estoppel by position, or by election of remedies. The lines which make these distinctions are sometimes made to depend on a variety of circumstances; oftentimes in a particular situation some of the elements of all of these doctrines may be present, and the terms have been on occasions loosely used in judicial expression. There is a kindred theory or principle running through all of them, and it is that principle which we have concluded controls the present case. It is found in the authorities now to be cited. In *Reynolds* v. *Reynolds,* 153 *Ga.* 490 (112 S. E. 470), which had to do with a ruling on demurrer in a former action, it was said: "The trial court sustained this demurrer on the latter ground, and dismissed the petition for annulment. The court thus adjudged that, for this reason, the equitable petition for annulment set out no cause for the grant of such relief. In view of this judgment, which she invoked, the defendant is now estopped from asserting that the equitable petition for annulment set forth a cause of action which is identical with the cause of action set out in the plaintiff's libel for divorce. A litigant can not blow hot and cold. A party can not assume inconsistent positions before the court. A party is bound by a rule which he invokes, and by a judgment in his favor which he procures. *Butler* v. *Tifton &c. Ry. Co.,* 121 *Ga.* 817 (49 S. E. 763); *Neal Loan &c. Co.* v. *Chastain,* 121 *Ga.* 500 (49 S. E. 618)." In *Georgia Northern Ry. Co.* v. *Hutchins,* 119 *Ga.* 504, 509 (46 S. E. 659), it was held: "(1) If the defendant calls in question by demurrer the sufficiency of the petition, and the court renders a

decision holding that the petition sets forth a cause of action, so long as this decision stands unreversed the defendant is precluded from calling in question the sufficiency of the petition by oral motion to dismiss. (2) A judgment on demurrer, until reversed, concludes the parties upon all questions necessarily involved in the decision of the points raised in the demurrer." And in the opinion it was said: "If the defendant had filed no demurrer to the petition, or had withdrawn the demurrers or failed to press the same, it had the undoubted right at the trial to make an oral motion to dismiss the case upon any ground which would be good in arrest of judgment. Civil Code, § 5046 [§ 81-302]; *McCook* v. *Crawford,* 114 *Ga.* 339 [40 S. E. 225], and cit. But when the defendant, at the first term, filed demurrers both general and special, and pressed the same to a decision, and a judgment was rendered overruling the demurrers, the question arises as to how far this judgment is conclusive between the parties as to the right of the plaintiffs to recover upon the facts alleged. It has been held that a judgment sustaining a general demurrer to a petition will bar a second suit for the same cause of action. *Greene* v. *Central of Georgia Ry. Co.,* 112 *Ga.* 859 [38 S. E. 360], and cit.; *Satterfield* v. *Spier,* 114 *Ga.* 127 (3) [39 S. E. 930]. If a judgment on a demurrer that a petition sets forth no cause of action will conclude the plaintiff in another suit against the defendant, it would seem that upon similar principles a judgment upon a demurrer that a petition does set forth a cause of action will conclude the defendant in the same case, so long as such judgment stands unreversed." To the same effect it has been held: "A litigant will not be permitted to take inconsistent positions in legal proceedings. A party is always bound by a ruling which he invoked, and by a judgment in his favor which he procured or aided in procuring. *Butler* v. *Tifton &c. R. Co.,* 121 *Ga.* 817 (49 S. E. 763). He can not now make a contention which is inconsistent with the position taken by him in the petition brought to establish this district." *Board of Drainage Com'rs* v. *Brown,* 155 *Ga.* 419, 430 (117 S. E. 236). "After a trial judge has formally overruled a demurrer to a petition, holding that upon the facts stated in the petition the defendant is liable in damages to the plaintiff, it is not within the power of the judge, at a subsequent term of the court, to review or revise such ruling; and if no exception thereto be taken by the defendant, but it stands

unreversed when the case is ripe for a trial on the merits, the trial judge should not, in his charge to the jury, give to the defendant the benefit of the defense set up in the demurrer, since the questions·thereby raised are res adjudicata, and the court can not by indirection deprive the plaintiff of the estoppel he is entitled to urge as against the defendant." *Sims* v. *Georgia Ry. & El. Co.,* 123 *Ga.* 643 (51 S. E. 573). "A judgment·on demurrer, not excepted to, is conclusive between·the parties as to the points necessarily decided." *Richmond Hosiery Mills* v. *Western Union Tel. Co.,* 123 *Ga.* 216 (51 S. E. 290). In the latter case it was held that the estoppel was limited, because there had been no adjudication on the question of damages; but the rule was ·recognized that if the prior adjudication had embraced that question, then the estoppel (which was there recognized as "estoppel by judgment") would extend to amount of recovery as well as to the right of action, and the ruling in *Georgia Northern Ry. Co.* v. *Hutchins,* supra, was cited as authority. "Where a demurrer to an indictment calls for a construction of a penal statute, the judgment rendered thereon concludes the defendant as to the construction given the statute by the·court, unless reversed or set aside by appropriate procedure." *Matthews* v. *State,* 125 *Ga.* 248 (54 S. E. 192). It was held in *Brooks* v. *Rawlings,* 138 *Ga.* 310, 313 (75 S. E. 157), that parties are bound by such a ruling unexcepted to, it being pointed out that "it is not within the power of the trial judge to give to *either* [italics ours] party the benefit of a contention which he is himself estopped to urge." In *Equitable Mfg. Co.* v. *Hill-Atkinson Co.,* 17 *Ga. App.* 494 (2) (87 S. E. 715), it was held: "Judgment on demurrer, whether it be to the petition or to the answer and pleas, fixes the law of the case, so far as the law is necessarily involved in the judgment rendered, until it is reversed or overruled upon timely exceptions. *Georgia Northern Ry. Co.* v. *Hutchins,* 119 *Ga.* 504 (46 S. E. 659); *Moody* v. *Cleveland Woolen Mills,* 133 *Ga.* 141 (66 S. E. 908). While an amendment made by the opposite party may open the pleadings to demurrer anew, it does not open them to new rulings upon the identical questions already previously. adjudicated in the same case. *Central of Ga. Ry. Co.* v. *Waldo,* 6 *Ga. App.* 840 (55 S. E. 1098)." See also *Moody* v. *Cleveland Woolen Mills,* 133 *Ga.* 741, 746 (66 S. E. 908); *Marbut* v. *Southern Ry. Co.,* 22 *Ga. App.* 330, 332 (95 S. E.

1021). "Even if the matter in issue is not strictly res adjudicata, the plaintiff is estopped by the former judgment rendered, the controlling issue in the present case having been adjudicated against him." *Sells* v. *Sells*, 175 *Ga.* 110 (165 S. E. 1). Under these well-established principles the plaintiff was bound by the judgment in this case, which determined that the trust undertaken to be created by the will became executed upon the death of the testator; and he could not thereafter, even if it were otherwise tenable, pursue his case upon the opposite theory. And having by amendment voluntarily abandoned the case as adjudicated in his favor, the remaining count dependent upon the opposite theory was properly dismissed upon motion, he being concluded.

*Judgment affirmed. All the Justices concur.*