POSS *v.* NORRIS, sheriff, *et al.*

No. 14780.   APRIL 5, 1944.

*Pierce Brothers,* for plaintiff in error.

*J. Cecil Davis, solicitor-general,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) The plaintiff in error contends that the affidavit of the sheriff, filed with the judge in November, 1943, was no part of the proceeding which had previously been instituted against Lokey; but that it was a separate and distinct action, and could not proceed at the instance and in the name of the sheriff, because a proceeding to abate a public nuisance must be brought in the name of the solicitor-general. The State, as defendant in error, insists that the act of the sheriff, in filing an affidavit setting forth that the plaintiff in error was violating the order of the court by operating a dance hall in violation of law, was not the institution of an action to abate the dance hall as a nuisance; but was merely information to the judge upon which he could consider and revoke his former order of July 8, 1943, modifying the original injunction previously issued against Lokey on March 12, 1942; and for the further purpose of determining whether the plaintiff in error was in contempt of court. A solution of this question depends upon whether the permanent injunction against Lokey could be reopened, and whether Poss, the plaintiff in error, would be bound by a modification thereof. The temporary restraining order, the interlocutory injunction, and the permanent injunction issued after the jury trial in the Lokey case, were substantially the same, and in effect did two things, viz., (1) enjoined Lokey from conducting any business in the described structure, and (2) directed the abatement of the nuisance by ordering the sheriff to close and padlock the structure.

■ The court did not err in overruling the demurrer. (a) The first ground was met by amendment. (b) The second ground was, that the affidavit of L. J. Norris did not show "that the ordinary . . . had levied a license" for the operation of a dance hall as prescribed by the act of 1937 (Ga. L. 1937, p. 624). This was not a necessary allegation, as it would be a violation of law to operate a public dance hall without the permission of the ordinary irrespective of whether or not he had levied a license tax. (c) The act of 1937 (Ga. L. 1937, p. 624), relating to public dance halls and other places, does not violate art. 1, sec. 1, par. 3, of the constitution of Georgia (Code, § 2-103), providing: "No person shall be deprived of life, liberty, or property, except by due process of law;" or the 14th amendment to the constitution of the United States (Code, § 1-815), which contains, in addition to a similar due-

process clause, the further provision that no State shall "deny to any person within its jurisdiction the equal protection of the laws." *Ingram* v. *State,* 193 *Ga.* 565 (19 S. E. 2d, 493).

■ When Poss invoked the ruling of the court and secured the modification order which abated the padlock provision of the previous judgment, the modifying order permitting this abatement was conditioned upon the structure not being used for an illegal purpose. The effect of the position taken by the plaintiff in error is, that he can accept the benefits acquired under the modifying order, and not be bound by the conditions attached thereto. This can not be done; he invoked the ruling and must accept the benefits *cum onere.* "A party must be held bound by a ruling which he invoked, and by a judgment in his favor which he procured." *Butler* v. *Tifton &c. Ry. Co.,* 121 *Ga.* 817 (5) (49 S. E. 763); *Neal Loan & Banking Co.* v. *Chastain,* 121 *Ga.* 500, 503 (49 S. E. 618); *Reynolds* v. *Reynolds,* 153 *Ga.* 490, 493 (112 S. E. 470); *Harper* v. *Lindsey,* 162 *Ga.* 44 (2) (132 S. E. 639); *Kaiser* v. *Kaiser,* 195 *Ga.* 774 (25 S. E. 2d, 665). "Where one petitions the ordinary for letters of administration and prays that a citation be issued, and a caveat is filed by the heirs at law, and this by consent of parties, is tried, and the ordinary's judgment is against the petitioner, and the latter appeals therefrom to the superior court, it is too late, when the cause is before the jury on the appeal trial, for the petitioner to call in question the regularity of his original application and the due publication of citation founded thereon. He is estopped from so doing." *Mandeville* v. *Mandeville,* 35 *Ga.* 243. "Where partitioners of land are appointed to sell the land and return the proceeds into court, and they do sell, and the tenants in common then petition the judge, at chambers, to pass an order directing the partitioners, to pay the fund to the counsel of the tenants in common, which order is granted, and the money paid in obedience to it, the tenants in common are estopped from denying the authority of the judge to pass such an order at chambers, and can not require the partitioners, by rule, to pay the money into court." *Hurst* v. *Whitly,* 47 *Ga.* 366. See also *Gay* v. *Sanders,* 101 *Ga.* 601 (2) (28 S. E. 1019).

■ Where one violates a restraining order granted by a court having jurisdiction of the person and subject-matter, such order is binding upon the party restrained, unless modified, set aside, or

reversed, and a disobedience of the same affords ground for an attachment for contempt. Where a court makes an order in a cause over which it has no jurisdiction, it is a nullity. No one is bound to obey it, or is liable for disobeying it. But if the court has jurisdiction to make the order, it must be obeyed however wrong it may be. *Russell* v. *Mohr-Weil Lumber Co.,* 102 *Ga.* 563 (29 S. E. 271); *Holbrook* v. *James H. Prichard Motor Co.,* 27 *Ga. App.* 480 (109 S. E. 164). In the instant case, the court had jurisdiction of the person and the subject-matter. The Code, § 24-105, provides punishment for contempt against any person who disobeys an order of the court. Section 37-123 provides that all orders and decrees of the court may be enforced by attachment against the person. Section 37-1208 provides that every decree or order of a superior court in equitable proceedings may be enforced by attachment against the person for contempt. Such power is inherent in the court. *Hayden* v. *Phinizy,* 67 *Ga.* 758 (2); *Plunkett* v. *Hamilton,* 136 *Ga.* 72 (70 S. E. 781); *Gaston* v. *Shunk Plow Co.,* 161 *Ga.* 287 (3) (130 S. E. 580). In a proceeding of the kind now under consideration, the judge may act on information from any source. *Tindall* v. *Nisbet,* 113 *Ga.* 1114 (39 S. E. 450).

The judge having heard evidence, pro and con, on the question whether Poss, the plaintiff in error, had violated the terms of the order by operating a public dance hall without a license, contrary to the provisions of the act of 1937 (Ga. L. 1937, p. 624), that portion of the judgment complained of, adjudging him in contempt of court, was not error.

*Judgment affirmed. All the Justices concur.*