SHACKELFORD *v.* RIDDLING.

JENKINS, Presiding Justice. 1. "If the defendant calls in question by demurrer the sufficiency of the petition, and the court renders a decision holding that the petition sets forth a cause of action, so long as this decision stands unreversed the defendant is precluded from calling in

question the sufficiency of the petition by oral motion to dismiss." *Georgia Northern Railway Co.* v. *Hutchins,* 119 *Ga.* 504 (46 S. E. 659).

2. "Where a general demurrer has been heard and adjudicated, the court will not, on a motion subsequently made to dissolve the injunction on the coming in of the answer, consider any objection to the bill that was properly involved in the demurrer." *McGinnis* v. *Justices of the Inferior Court,* 30 *Ga.* 47.

3. "The rule that this court will not interfere with the discretion of the trial judge in granting or refusing an injunction where the evidence is conflicting does not apply when the question to be decided by the trial judge is one of law." *Washington National Ins. Co.* v. *Savannah,* 196 *Ga.* 126 (26 S. E. 2d, 359). See also *Hill* v. *Wadley Southern Ry. Co.,* 128 *Ga.* 705 (7) (57 S. E. 795).

4. Applying the foregoing rules, where, to an equitable petition for injunction, praying that the owner of land be restrained from preventing the plaintiff purchaser of standing timber from removing the same, and asking that the court extend the time provided by the contract for its removal, so as to compensate the plaintiff for the time lost in its removal by reason of the defendant's alleged illegal refusal to permit the same, the defendant enters a general demurrer, and the court overrules the same, and after hearing evidence enters a restraining order, leaving to future determination by a jury the issues of fact as to whether any of the timber purchased remained unremoved, and if so, whether or not the defendant had in fact prevented the plaintiff from removing it, the court does not, on a subsequent motion to dissolve the injunction, have the power to override its previous judgment on the demurrer by holding that, as a court of equity, it had no power, because of the alleged breach of the agreement by the defendant, to extend the time for the execution of the contract beyond the term set out therein. Nor has the judge discretionary power to dissolve the injunction for the additional reason set forth in his order, that, on the date of the former hearing, he had offered to restrain the defendant as prayed for the unexpired period of time under the contract, which amounted to some three or four days, and that such offer was refused by the plaintiff, since the reason thus assigned also runs counter to his previous ruling on the defendant's demurrer that, under the facts alleged, the plaintiff was entitled to an extension of time in the execution of the contract. Nor does the remaining reason embodied in the order dissolving the injunction afford a proper ground therefor, since, though it be true that the plaintiff has failed to prove insolvency of the defendant, the plaintiff as a purchaser of the standing timber was entitled to have and remove it within the period provided by the contract or during such additional period as the law might for good reason provide, and the true period of limitation "cannot be construed as a mere covenant remediable in damages." *A. C. Alexander Lumber Co.* v. *Bagley,* 184 *Ga.* 352 (1 c), 362 (191 S. E. 446).

*Judgment reversed. All the Justices concur, except Wyatt, J., absent because of illness.*

No. 15077. FEBRUARY 7, 1945.

C. O. Baker, John B. Gamble, and Shackelford & Shackelford, for plaintiff. .Carlisle Cobb, for defendant.