### 19182. EIDSON *v.* CHEEK.

MOBLEY, Justice. 1. "If the defendant calls in question by demurrer the sufficiency of the petition, and the court renders a decision holding that the petition sets forth a cause of action, so long as this decision stands unreversed the defendant is precluded from calling in question the sufficiency of the petition by oral motion to dismiss," the ruling on demurrer being res judicata. *Ga. Northern Ry. Co.* v. *Hutchins,* 119 *Ga.* 504 (46 S. E. 659). See also *Loughridge* v. *City of Dalton,* 166 *Ga.* 323 (143 S. E. 393); *Kaiser* v. *Kaiser,* 195 *Ga.* 774 (25 S. E. 2d 665); *Shackleford* v. *Riddling,* 198 *Ga.* 827 (33 S. E. 2d 14). Therefore, where, as here, the defendant's general demurrer was overruled and thereafter he made a motion to dismiss the petition, which was denied, an assignment of error excepting only to the denial of his motion to dismiss is without merit.

2. The jury returned a verdict as follows: "1. We the jury find the verdict in favor of the plaintiff. 2. We the jury believe that a public road did not exist between the Eidson-Cheek property before Mr. Eidson built houses on same. 3. We the jury believe that Mr. Eidson should be allowed use of the Cheek road for 90 days until Mr. Eidson can build a road on his own property." That part of the verdict numbered 2 and 3, while not in conflict with that part which found a verdict in favor of the plaintiff, is a gratuitous statement on the part of the jury and is treated as surplusage. *Patterson* v. *Fountain,* 188 *Ga.* 473, 475 (4 S. E. 2d 38); *Calhoun* v. *Babcock Bros. Lumber Co.,* 199 *Ga.* 171, 177 (33 S. E. 2d 430), and cits.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 9, 1956—DECIDED FEBRUARY 15, 1956.

*John F. Hardin, Henry J. Heffernan,* for plaintiff in error.
*P. H. Rowe, Claud R. Caldwell,* contra.