### 20128. MAY *v.* MAY.

MOBLEY, Justice. The record in this case shows that, on September 27, 1956, William Shelley May obtained a divorce from Emma Jo N. May in Richmond Superior Court. Thereafter, and within thirty days of the rendition of the divorce decree, Emma Jo N. May filed a motion to set aside the decree on the ground of fraud. The plaintiff in the divorce action filed a response to the motion to set aside, and also a general demurrer thereto, on the ground that the motion failed to set forth any cause of action for the relief sought. His demurrers to the motion were overruled on April 30, 1957. The case came on to be heard on March 31, 1958, and at the call of the case counsel for the plaintiff in the divorce action made an oral motion to dismiss and deny the

motion to set aside on the ground that the allegations thereof showed that the movant was not entitled to the relief sought. The trial court thereupon sustained the oral motion and denied the motion to set aside the divorce decree. To this judgment the movant excepts.

*Held:*

1. "A judgment founded on a verdict obtained by fraud practiced on the defendant and the court may be set aside, and the original case reinstated, in a court of law, with proper pleadings, and with all the parties at interest as parties to the motion; the motion being made at the term of the court at which the verdict and judgment were entered, and the movant showing that he was not in laches, had a meritorious defense, and announcing ready for an instant trial." *Ford* v. *Clark*, 129 *Ga.* 292 (1) (58 S. E. 818) ; *Moore* v. *Moore & Cochran*, 139 *Ga.* 597 (77 S. E. 820).

2. " 'If the defendant calls in question by demurrer the sufficiency of the petition, and the court renders a decision holding that the petition sets forth a cause of action, so long as this decision stands unreversed the defendant is precluded from calling in question the sufficiency of the petition by oral motion to dismiss,' the ruling on demurrer being res judicata. *Ga. Northern Ry. Co.* v. *Hutchins*, 119 *Ga.* 504 (46 S. E. 659). See also *Loughridge* v. *City of Dalton*, 166 *Ga.* 323 (143 S. E. 393) ; *Kaiser* v. *Kaiser*, 195 *Ga.* 774 (25 S. E. 2d 665) ; *Shackleford* v. *Riddling*, 198 *Ga.* 827 (33 S. E. 2d 14)." *Eidson* v. *Cheek*, 212 *Ga.* 201 (1) (91 S. E. 2d 498) ; and see *General Tire Service Co.* v. *Carlisle*, 84 *Ga. App.* 288 (66 S. E. 2d 161).

3. In the instant case the movant, within 30 days after the rendition of the divorce decree, brought her motion to set aside the decree on the ground of fraud, which procedure is authorized under the cases cited in headnote one above. The plaintiff in the divorce action demurred generally to said pleading on the ground that it was insufficient at law to authorize the relief sought. This demurrer was overruled and that judgment stands unreversed. We do not make any ruling as to the sufficiency of the motion to set aside the divorce decree since such question is not now before us. What we do rule is this: the trial court having overruled the general demurrer to the motion to set aside on April 30, 1957, and thus adjudicating the sufficiency of said motion to allege

354

a cause of action for the relief sought, which judgment remains unreversed and unexcepted to, the law of the case was thus established until such judgment is reversed or set aside; and the trial judge was without authority thereafter on March 31, 1958, to rule contrary to his previous decision and dismiss the motion to set aside upon oral motion, which was based on the same ground urged in the general demurrer.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 14, 1958—DECIDED SEPTEMBER 5, 1958.

*Isaac S. Peebles, Jr.,* for plaintiff in error.
*John F. Hardin,* contra.